HARDY, Judge.
Plaintiff instituted this suit praying, together with other relief, for a restraining order, and, after due proceedings, an injunction prohibiting the defendant, Loe, as Sheriff and Ex-Officio Tax Collector of Jackson Parish, from seizing and offering for sale property belonging to plaintiff in satisfaction of taxes assessed against a third party. The district judge issued a temporary restraining order and a rule nisi. On the date fixed for hearing on the rule, following arguments of counsel, there was judgment ordering the issuance of a preliminary injunction, from which judgment the defendant has appealed.
The petition of plaintiff, a resident of the State of Texas, alleged that she was the sole owner of a business operated in Hodge, Jackson Parish, Louisiana, under the name of Glidden Hardware; that taxes on movable property for the year 1965 were assessed to Advance Shopping Center, Inc.; that no assessment of taxes for the year 1965 was made against Glidden Hardware; that on July 7, 1966, upon orders of defendant Sheriff and Tax Collector all of *634 the movable property allegedly owned by Glidden Hardware was seized for non-payment of taxes assessed against and owed by Advance Shopping Center, Inc. Other allegations contained in plaintiff’s petition related to her demands for damages against defendant Sheriff and his bonding company and are not pertinent to consideration of this appeal.
Counsel for defendant-appellant specify numerous errors which we think may be reduced to three principal contentions; (1)that the issue of process restraining or enjoining the collection of taxes is specifically prohibited by law; (2) that the fixing of bond in the sum of $500.00 was inadequate ; and (3) that there was no basis for the judgment in view of the fact that no evidence, was adduced on hearing of the rule.
Counsel’s contention that the issuance of injunctive process in this case controverts the specific prohibition of our laws is based upon the provisions of LSA-R.S. 47:2110. We are completely in accord with this argument. The wording of the statute is clear and precise and there can be no question that it prohibits the issuance of process which is designed to “ * * * restrain the collection of an ad valorem tax * * However, we think counsel is in error in attempting to apply the statutory prohibition in this case. Plaintiff does not seek to enjoin the collection of a tax but seeks an injunction to prohibit the seizure and sale of her property for taxes assessed against a third party. Under such circumstance, and despite the dearth of jurisprudential authority directly in point, we think every rule of reason and common sense justifies the distinction noted. It would be the height of injustice to permit the seizure of property owned by one person who has no tax liability under the guise of collecting taxes against another. In our opinion there is no prohibition against the resort to injunctive process under the facts of this case.
The objection as to the insufficiency of the bond is without merit. Under C.C.P. Article 3610 the issuance of a preliminary injunction is conditioned upon the furnishing of security “ * * * in the amount fixed by the court * * *." The amount of the bond, therefore, addresses itself to the discretion of the Court and the record before us does not justify a finding of an abuse of discretion.
The objection to the judgment on the ground that it was rendered without hearing of evidence is clearly supported by the recital in the judgment itself that no evidence was introduced. While it is true, as was noted in the judgment, that arguments of counsel were heard, we cannot conclude that this fact is acceptable as a substitute for evidence. Plaintiff’s action is predicated upon allegations of fact which can be established only by pertinent and acceptable evidence which must be adduced on trial, together with the attendant right of defendant to rebut or controvert such evidence.
It is further worthy of observation to note that an appellate court has no basis for an opinion and judgment in a matter dependent in great degree upon factual issues where such facts have not been established.
For the reasons assigned the judgment appealed from is annulled and set aside, and
It is ordered, adjudged and decreed that this case be and it is remanded to the Honorable the Second Judicial District Court in and for the Parish of Jackson, State of Louisiana, for further proceedings in accordance with law and in conformity with the principles expressed in this opinion.
Costs of this appeal are taxed against plaintiff-appellee, and it is ordered that the fixing of all other costs be held in abeyance pending further proceedings.