COLE, Judge.
The issue in this motion to dismiss is whether a judgment maintaining an exception to venue is appealable. We conclude under the facts of this case, the judgment is appealable.
Bruce Allan Parker and Georgia Cole Parker were separated by a judgment rendered in Bienville Parish in November 1980. Custody of the two minor children was awarded to Mrs. Parker. In October of 1981 the parties were divorced by a judgment rendered by The Family Court for East Baton Rouge Parish. (Mr. Parker had moved to Baton Rouge.) Child custody was again awarded to Mrs. Parker. In July of 1982 Mr. Parker filed a rule in East Baton Rouge Parish to have the child custody changed. In response, Mrs. Parker filed the declinatory exception raising the objection of improper venue which the court sustained. Mr. Parker has appealed the court’s ruling on the exception and Mrs. Parker has filed a motion to dismiss the appeal.
Appellee, Mrs. Parker, argues the ruling on the venue issue is not appealable because it is an interlocutory judgment, as opposed to a final judgment. Unless appellant shows a likelihood of irreparable harm, he has no right to appeal an interlocutory judgment. Code of Civ.P. art. 2083. Because we conclude the judgment has the effect of a final judgment, we need not address the issue of irreparable harm.
The posture of this case is somewhat peculiar. Although appellee, in her declinato- *1244 ry exception, prayed the exception be maintained and the motion (rule) be dismissed, the judgment simply maintained the exception without actually dismissing the rule or transferring the case to a court of proper venue. Nonetheless, it is clear if the exception was maintained, the court concluded the venue was improper, and the effect was to dismiss the child custody rule. In that sense, the judgment is final, i.e., determinative as to appellant’s right to have the custody determined by the East Baton Rouge Parish Family Court. His only option (if we did not allow him to appeal the judgment) would be to bring suit in Bien-ville Parish. However, the issue of his right to litigate the matter in East Baton Rouge would not be determined in that suit.
A judgment which dismisses a suit without prejudice is a final appealable judgment. This is true even when the judgment is one granting an exception of improper venue. Thibodeaux v. Hood Enterprises, Inc., 405 So.2d 1249 (La.App. 1st Cir.1981). In the present case the effect of the judgment was to dismiss the suit. A dismissal is a final, appealable judgment. Therefore, we deny the motion to dismiss the appeal.
MOTION DENIED.