SAVOIE, Judge.
This is a Louisiana Sales Tax case in which the Secretary of the Department of Revenue and Taxation (Department) is appealing the issuance of an injunction prohibiting her from seizing bank accounts of Court Club, Inc.
In October, 1984, the Wallbanger Court Clubs were operated from two locations in Baton Rouge, Louisiana. At this time, the Department commenced an audit examination of the books and records of the clubs. Each club was operated by a separate corporation, known as Wallbanger Management Perkins Road, Inc. and Wallbanger Management Old Hammond Highway, Inc. The Department’s audit examination resulted in a deficiency and copies of the audit results were forwarded to the above corporations.
In January, 1985, a third Wallbanger location opened in Baton Rouge on Old Jefferson Highway. The new club was operated by a corporation known as Wallbanger Management Old Jefferson, Inc. In March, 1985, the Department reexamined the books and records of all three clubs, updating the results on the two older clubs and including the first two months of operations on the new club. Again, copies of all audit results were forwarded to the three respective corporations (hereinafter, the corporations).
Following these audit examinations, Proposed Assessments were sent to, and received by, the corporations pursuant to LSA-R.S. 47:1562. These proposed assessments were never protested pursuant to LSA-R.S. 47:1563. The Department then sent Notices of Assessment to the corporations and these assessments were never appealed to the Board of Tax Appeals pursuant to LSA-R.S. 47:1565.
*145 In February, 1985, the corporations ceased operating the various Wallbanger clubs and the plaintiff in this action, Court Club, Inc., began operating all Wallbanger clubs.
On or about January 16, 1986, the Department issued Notices of Levy pursuant to LSA-R.S. 47:1569-1573 to satisfy the amounts of the assessments which were previously issued. These Notices of Levy were directed to various banks where it was believed that the corporations had funds deposited. These Notices of Levy were returned unsatisfied and, the Department at that time became aware that the three clubs were then being operated by Court Club, Inc. Between February 3, 1986 and February 5,1986, the Department reissued Notices of Levy to the same banks bearing the name Court Club, Inc. These banks returned the sum of $33,000.20 and, thereafter, Court Club, Inc. filed this suit in the Nineteenth Judicial District Court, Parish of East Baton Rouge, seeking to enjoin the Department’s seizure of the bank accounts and, seeking a return of the monies seized from those accounts. The Trial Court issued a temporary restraining order and set the matter for hearing on a preliminary injunction.
In response to the petition, the Department filed an answer and a reconventional demand setting out certain defenses to the petition for injunction. The trial was held on February 26, 1986. Immediately prior to the trial, a pretrial conference was held in the judge’s chambers. The judge at that time informed the parties that the Court would only consider evidence relative to the point of whether due process requirements had been met in connection with the seizing of the bank accounts and, that no other evidence would be admitted. The effect of this ruling was to preclude any evidence of the Department’s affirmative defenses and reconventional demand from being entered into the record. The court then indicated that it would allow the Department to present its evidence by way of proffer. A hearing was held with the result being that the trial court issued a preliminary injunction and ordered the return of all monies seized from the bank accounts of Court Club, Inc. The Department then filed this appeal of that decision. On appeal the Department raises the following assignments of error:
1. The trial court erred in issuing an injunction against the Department prohibiting the collection of tax monies in violation of Louisiana Constitution Article 7, Section 3 and LSA-R.S. 47:1575.
2. The trial court erred in refusing to admit evidence of the liability of Court Club, Inc. as a successor to the prior management corporations pursuant to LSA-R.S. 47:308.
3. The trial court decision is in error because the enjoining of the Department's actions has deprived the State of the ability to enforce its rights as a lien-holding creditor of these taxpaying corporations.

Injunction

The Department contends that the issuance of injunctive process in this case is in violation of Louisiana Constitution Article 7, Section 3 and LSA-R.S. 47:1575, which prohibit the issuance of process to restrain the collection of any tax. We disagree.
One of the remedies available to the Secretary for the collection of taxes is that remedy commonly known as assessment and distraint. The procedure for utilizing this remedy is set out in LSA-R.S. 47:1562 through LSA-R.S. 47:1573. In summary, these sections provide that the Collector (Secretary) may make a determination of tax due and notify the taxpayer of his purpose to assess the tax after fifteen days from the date of the notice (LSA-R.S. 47:1562); that the taxpayer may protest the proposed assessment within fifteen days from the date of the notice (LSA-R.S. 47:1563); that the tax, after expiration of the prescribed time, may be assessed by the Secretary (LSA-R.S. 47:1564); that the Secretary shall notify the taxpayer against whom the assessment is imposed of the assessment and his right to appeal to the Board of Tax Appeals within sixty calendar days (LSA-R.S. 47:1565); that the assessment becomes final and collectible by dis- *146 traint and sale if no appeal is timely taken (LSA-R.S. 47:1565 B); and, that when the taxpayer fails to pay the tax assessed, the Collector may proceed by distraint and sale (LSA-R.S. 47:1569).
The record shows that no assessment was proposed or made against Court Club, Inc.; that no demand for payment was ever made on Court Club, Inc.; that Court Club, Inc. was given no notice of the distraint action until it was informed by the defendant banks that its accounts had been levied upon; and that prior levies had been made upon a different taxpayer, i.e., the corporations, with a different taxpayer number in order to satisfy the assessment.
In Glidden v. Loe, 192 So.2d 633 (La.App. 2nd Cir.1966), our brethren on the Second Circuit were faced with the same situation we have here. In Glidden, the plaintiff sought injunctive relief from the seizure of property owned by Glidden Hardware for nonpayment of taxes assessed against and owed by Advanced Shopping Center, Inc. No assessment had been made against Glidden Hardware.
The defendant tax collector in Glidden contended that the issue of injunctive process controverted the specific provisions of LSA-R.S. 47:2110, the ad valorem tax counterpart of LSA-R.S. 47:1575 and 1576. The court agreed that the statute prohibited the issuance of process designed to restrain the collection of taxes, but stated:
Plaintiff does not seek to enjoin the collection of a tax but seeks an injunction to prohibit the seizure and sale of her property for taxes assessed against a third party. Under such circumstance, and despite the dearth of jurisprudential authority directly in point, we think every rule of reason and common sense justifies the distinction noted. It would be the height of injustice to permit the seizure of property owned by one person who has no tax liability under the guise of collecting taxes against another. In our opinion there is no prohibition against the resort to injunctive process under the facts of this case. Glidden v. Loe, supra at 634.
Similarly, we find no prohibition against injunctive relief in this case. We find that the distraint procedure authorized by LSA-R.S. 47:1569 is to be utilized against the assessed taxpayer only. To hold otherwise would allow the taxing authority to seize property of one taxpayer for the satisfaction of another’s tax obligation without any notice. This would be a violation of the due process requirement of both the Louisiana and United States Constitutions. Without any prior notice of assessment pursuant to LSA-R.S. 47:1562 et seq., the taxpayer levied upon would not have available to him the ordinary administrative remedies of either protesting the proposed assessment or appealing the assessment to the Tax Board.

Evidence of Successorship

By its second assignment of error, the Department contends that the trial court erred in refusing to admit evidence for the purpose of proving that Court Club, Inc. is the successor of the prior management corporations and, therefore, liable under LSA-R.S. 47:308. This assignment lacks merit.
LSA-R.S. 47:308 provides:
If any dealer liable for any tax interest or penalty levied hereunder sells his business or stock of goods or quits the business, he shall make a final return and payment within fifteen days after the date of selling or quitting the business. His successor, successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the collector showing that they have been paid, or a certificate stating that no taxes, interest or penalties are due. If the purchaser of a business or stock of goods fails to withhold purchase money as above provided, he shall be personally liable for the payment of the taxes, interest and penalties accrued and unpaid on account of the operation of the business by any former owner, owners or assigns.
The Department may be correct in its allegation that Court Club, Inc. is the *147 successor of the three Wallbanger management corporations. It may also be correct in its assertion that Court Club, Inc., as successor, is liable for the taxes assessed against these prior corporations. However, liability is not the issue here. What is before us is the propriety of the Department’s collection procedures and we find those collection procedures to be improper. In other words, even if Court Club, Inc. were liable for the assessed taxes, the Department must follow the procedures set forth in LSA-R.S. 47:1561 et seq., to collect such taxes. This the Department has not done.
To allow the Department to seize Court Club, Inc.’s assets without any assessment being made against them and then prove liability under LSA-R.S. 47:308 would bypass the required collection procedures and the remedies provided therein. Therefore, we find that the trial court’s refusal to admit such evidence was proper.
State’s Rights as a Lienholding Creditor
Finally, the Department argues that the issuance of injunctive process has deprived the State of its ability to enforce its rights as a lienholding creditor of these taxpaying corporations. This assignment is without merit.
LSA-R.S. 47:1577 provides that any tax due under the provisions of LSA-R.S. 47:1561 et seq., operates as a lien on all the property of the tax debtor when notice of such lien is recorded in the mortgage records. This lien “shall affect third parties only from the date of recordation.” A review of joint Exhibit Number 4 shows that the liens were filed on October 17, 1985, December 2, 1985, and January 23, 1986. The record shows that Wallbanger management corporations ceased doing business in February, 1985 and Court Club began doing business in March 1985 at least six months before the first lien was recorded. Therefore, we find that the liens against Wallbanger could have no effect on the bank accounts of Court Club, Inc.
For the reasons stated above, we find that the trial court correctly issued a preliminary injunction and affirm the judgment of the trial court. Pursuant to LSA-R.S. 13:4521 and 5112, court costs in the amount of $335.73 are to be paid by defendant-appellant.
AFFIRMED.