832 So.2d 307 (2002)
Cynthia BRIDGES, Secretary, Department of Revenue, State of Louisiana
v.
Lawrence D. SMITH and Brenda H. Smith
No. 2001 CA 2166.
Court of Appeal of Louisiana, First Circuit.
September 27, 2002.
Rehearing Denied November 6, 2002.
Writ Denied February 14, 2003.
*308 Tammy D. Weaver, Baton Rouge, Jack M. Alltmont, New Orleans, for Plaintiff/Appellant, Cynthia Bridges, Secretary, Department of Revenue, State of Louisiana.
H. Alston Johnson, III, Baton Rouge, for Defendants/Appellees, Lawrence D. Smith and Brenda H. Smith.
Before: CARTER, C.J., WHIPPLE, and CIACCIO,[1] JJ.
CARTER, C.J.
This is a Louisiana state income tax case. Cynthia Bridges, the secretary of the Department of Revenue for the State of Louisiana (the Department), appeals from a district court judgment sustaining the defendants', Lawrence D. and Brenda H. Smith (the taxpayers), dilatory exception raising the objection of prematurity and dismissing the Department's petition. For the following reasons, we reverse and remand.

BACKGROUND
The taxpayers filed a joint Louisiana income tax return for the tax year 1996 as non-residents. They reported capital gains income from the sale of stock they owned in the publishing company for the Alexandria, Louisiana newspaper. In 1998, the Department questioned the taxpayers' non-resident status claimed on the 1996 return, and requested that the taxpayers provide documentation to prove their non-residency.[2] The taxpayers attempted to prove their Texas residency by providing the Department with documentation. After an investigation, the Department mailed a letter dated November 21, 2000 and entitled "Notice of Tax Due," to *309 the taxpayers at an Austin, Texas address. The notice informed the taxpayers that they had thirty days from the date of the notice to respond and that prompt attention was necessary to avoid further penalty, interest and fees. The notice itemized the taxpayers' 1996 Louisiana Individual Income Tax as follows (with emphasis added):

 1. TAX DUE $ 708,371.00
 2. INTEREST TO 12/22/00 383,104.75
 3. DELINQUENT PENALTY TO 177,092.75
 4. LATE PAYMENT PENALTY TO
 5. NEGLIGENCE PENALTY 35,418.55
 6. FRAUD PENALTY 354,185.50
 7. TAX ASSESSMENT AND LIEN
 8. OTHER CHARGES (See Remarks)
 9. TOTAL LINES 1 THRU 8 1,658,172.55
10. LESS PAYMENTS AND CREDITS
11. TOTAL AMOUNT DUE AND PAYABLE $1,658,172.55

REMARKS:
Based on information available to this office the Department proposes to asses additional taxes as provided by R.S. 47:1562 together with interest and penalties as itemized above.
The taxpayers did not respond to the November 21, 2000 notice within the thirty-day period provided in the letter. On December 27, 2000, the Department filed a petition in the district court to collect the alleged delinquent state income taxes, penalties, and interest. In response to the suit, the taxpayers filed an answer and several exceptions; however, the only exception at issue in this appeal is the taxpayers' dilatory exception raising the objection of prematurity.[3] The taxpayers argued that the Department's petition was premature because it denied the taxpayers their right to an administrative review within the Department and their right to be heard by the Board of Tax Appeals (BTA) in order to dispute the assessment. Following a hearing on May 7, 2001, the district court sustained the dilatory exception raising the objection of prematurity and dismissed the Department's petition against the taxpayers as required by LSA-C.C.P. art. 933. On July 9, 2001, the district court denied the Department's motion for new trial. This appeal followed.[4]
*310 The Department argues that the district court erred in ruling that the taxpayers were entitled to a hearing by the BTA prior to the Department filing suit for collection of the taxes. The Department also argues that the district court's ruling gives the taxpayers more rights than the statutory and jurisprudential scheme provides.

STANDARD OF REVIEW
The facts are not in dispute with respect to this appeal. Therefore, the issue is whether the district court correctly interpreted and applied the law. Appellate review of questions of law is simply review of whether the trial court was legally correct or legally incorrect. City of Baker School Board v. East Baton Rouge Parish School Board, 99-2505, p. 2 (La. App. 1 Cir. 2/18/00), 754 So.2d 291, 292. On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. Northwest Louisiana Production Credit Association v. State, Department of Revenue and Taxation, 98-1995, p. 3 (La.App. 1 Cir. 11/5/99), 746 So.2d 280, 282.

LAW AND ANALYSIS
An exception raising the objection of prematurity is a dilatory exception intended to retard the progress of the action, not to defeat it. LSA-C.C.P. arts. 923 and 926. The exception raising the objection of prematurity raises the issue of whether the judicial cause of action has yet come into existence because some prerequisite condition has not been fulfilled. EOP New Orleans, L.L.C. v. Louisiana Tax Commission, XXXX-XXXX, p. 4 (La.App. 1 Cir. 9/28/01), 809 So.2d 387, 390, writ denied, XXXX-XXXX (La.3/15/02), 811 So.2d 907. The exception contemplates that the action taken by the petitioner has occurred prior to some procedure or assigned time, and it is usually utilized in cases wherein the applicable law provides a procedure for one aggrieved of a decision to seek relief before resorting to judicial action. Hidalgo v. Wilson Certified Express, Inc., 94-1322, p. 4 (La.App. 1 Cir. 5/14/96), 676 So.2d 114, 116; Jones v. Crow, 633 So.2d 247, 249 (La.App. 1 Cir.1993).
The defendant who files an exception raising the objection of prematurity has the initial burden of showing that an administrative remedy is available, by reason of which the judicial action is premature. Once the existence of the administrative remedy is established, the burden then shifts to the plaintiff to show that administrative remedies have been exhausted or that the situation is one in which the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate. LSA-C.C.P. art. 926; Girouard v. State Through Department of Education, 96-1076, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1153, 1155.
Thus, the taxpayers had the initial burden of showing that they were entitled to a review by the BTA before the Department filed suit for collection. The taxpayers contend that LSA-R.S. 47:15 gives them the right to a hearing by the BTA in order to dispute an assessment of taxes, interest and penalties. LSA-R.S. 47:15 was enacted in 1998, and established the taxpayer's *311 bill of rights to "guarantee that the rights, privacy, and property of Louisiana taxpayers are safeguarded and protected during tax assessment, collection, and enforcement processes[.]" The statute further provides, in pertinent part:
[t]he rights afforded taxpayers to assure that their privacy and property are safeguarded and protected during tax assessment and collection are available only insofar as they are implemented in accordance with the Constitution of Louisiana and Louisiana Revised Statutes of 1950 or the administrative rules of the Department of Revenue. (Emphasis added.)
In support of their argument, the taxpayers rely on language in LSA-R.S. 47:15(14) that they have the "right to a hearing in order to dispute an assessment of taxes, interest, and penalties by timely filing an appeal with the Board of Tax Appeals" in accordance with LSA-R.S. 47:1414,[5] 1431,[6] and 1481.[7] (Emphasis added.)
We give harmonious effect to all legislative acts on a subject when reasonably possible because we presume that laws are passed with deliberation and full knowledge of other existing laws on the same subject. See Mexic v. Mexic, XXXX-XXXX, p. 12 (La.App. 1 Cir. 6/22/01), 808 So.2d 685, 693. When interpreting a law, we must give it the meaning intended by the legislature. Intent expressed at the appropriate legislative committee meetings is an aid to the courts in determining the true legislative intent and purpose behind the law. See Mexic, 808 So.2d at 692.
The minutes of the Senate Committee on Revenue and Fiscal Affairs for March 25, 1998, reflect, with regard to Senate Bill No. 122 (enacted as LSA-R.S. 47:15, effective May 5, 1998), that the taxpayer bill of rights would be established as a "compendium of existing rights." The bill was presented by Secretary John Kennedy of the Revenue Department on behalf of Senator Robert Barham, who explained "that the department was trying to codify in one place all the rights the taxpayers have under state law, both constitutional and legislative-made state law, as well as department of revenue policy." Mr. Kennedy informed the committee that the taxpayer bill of rights did not create any new rights. Thus, the legislative history reflects that the legislature did not intend to change the existing law when it enacted LSA-R.S. 47:15. Furthermore, the language of the statute does not indicate any specific intent to change or overrule existing law. We conclude that LSA-R.S. 47:15 does not conflict with or add to the existing rights found in the tax assessment and collection procedure at LSA-R.S. 47:1561, et seq.
A review of the Louisiana tax assessment and collection procedure reveals that the taxpayers do not have a right to a hearing by the BTA under these circumstances. LSA-R.S. 47:1561 authorizes the tax collector, in his discretion, to proceed to enforce the collection of taxes through any of three alternative procedures: (1) assessment and distraint,[8] (2) summary *312 court proceeding,[9] or (3) ordinary suit.[10] The statute not only provides discretion to the collector to choose which of the three methods to pursue, but it also provides that the remedies and delays afforded to the taxpayer are only those that are not inconsistent with the method selected by the collector. The statute specifically provides further that "the fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation."
In the instant case, the Department chose to enforce the collection of the taxes by means of filing an ordinary suit against the taxpayers on December 27, 2000. The fact that the Department sent a notice of the tax due prior to filing the suit did not preclude the Department from proceeding by ordinary suit thereafter. The notice sent to the taxpayers on November 21, 2000 was a notice of the Department's intent to propose an assessment of additional taxes pursuant to LSA-R.S. 47:1562 after the Department determined the taxpayers' 1996 return was inaccurate.
Louisiana Revised Statute 47:1562 does not provide for the actual assessment of the additional taxes; rather, it provides for the determination and notice of the intent to propose additional taxes due.[11] The taxpayer may protest, in writing, within thirty days from the date of the notice. If the taxpayer timely files a written protest, the Department must consider the protest, and in its discretion, may grant a hearing before making a final determination of the tax, penalty and interest due. See LSA-R.S. 47:1563. If the Department proceeds with the assessment and distraint method of collection, the tax shall be assessed at the expiration of the prescribed time. The assessment may confirm or modify the secretary's originally proposed assessment. See LSA-R.S. 47:1564. It is only after the amount is actually assessed pursuant to LSA-R.S. 47:1564 that the secretary is required to send a notice of the assessment by certified mail to the taxpayer. LSA-R.S. 47:1565 requires that the notice inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to either pay the amount of the assessment or to appeal to the BTA for a redetermination of the assessment. If the taxpayer does not file an appeal with the BTA within the prescribed time, the assessment becomes final and collectible by the distraint and sale procedure or through judicial process. See LSA-R.S. 47:1565 and 47:1574.
In the instant case, the record shows that no assessment was ever made pursuant to LSA-R.S. 47:1564. However, the statutory procedure for tax collection clearly does not require that the Department proceed with assessment and distraint procedure after a notice of intent to propose an assessment is mailed. The Department is specifically authorized by LSA-R.S. 47:1561 to proceed, at its discretion, to enforce the collection of taxes by *313 filing an ordinary suit against the taxpayer. It has long been held that it is not necessary for the Department to make a prior assessment when the Department is proceeding by summary proceedings or by ordinary suit as set out in LSA-R.S. 47:1561. McNamara v. Electrode Corp., 418 So.2d 652, 665 (La.App. 1 Cir.), writ denied, 420 So.2d 986 (La.1982). See also Collector of Revenue v. Frost, 240 La. 1067, 1072-1073, 127 So.2d 151, 152-153 (1961); Collector of Revenue v. Olvey, 238 La. 980, 989, 117 So.2d 563, 566 (1959). We find no merit to the taxpayers' contention that the legislative enactment of the taxpayer's bill of rights in 1998 (LSA-R.S.47:15) somehow overruled this settled jurisprudence.
The taxpayers did not have a right to be heard by the BTA in this case because no formal assessment was made. The right of appeal to the BTA is a remedy available only to the assessed taxpayer. Likewise, the taxpayers did not have a right to an internal review by the Department of the proposed assessment pursuant to LSA-R.S. 47:1563 because they did not make a written protest within thirty days of the date of the notice of the proposed assessment. The jurisprudence is replete with cases recognizing a factual and legal distinction between a notice of intent to assess taxes (pursuant to LSA-R.S. 47:1562) and a notice of formal assessment of additional taxes (pursuant to LSA-R.S. 47:1564).[12]

CONCLUSION
We conclude that the taxpayers failed to carry their burden of demonstrating that they were entitled to an administrative procedure in the form of an internal review within the Department or a hearing by the BTA. There is no administrative procedure or remedy available to the taxpayers that the Department must follow or allow prior to filing suit for collection of the taxes. Thus, the district court erred in sustaining the taxpayers' dilatory exception raising the objection of prematurity and dismissing the Department's petition. The exception is inapplicable in this instance, and should have been overruled because the Department's institution of judicial action was not premature. Therefore, the district court judgment is hereby reversed, the taxpayers' dilatory exception raising the objection of prematurity is overruled, and this matter is remanded to the district court for further proceedings consistent with the views herein expressed. Costs of this appeal are assessed against the defendants-appellees, Lawrence D. Smith and Brenda H. Smith.
REVERSED AND REMANDED.
WHIPPLE, J., concurs for reasons assigned.
WHIPPLE, J., concurring.
By our holding today, the taxpayers are not precluded from fully litigating the merits or lack thereof of any amount the State may claim is due at trial on the merits.
NOTES
[1] Hon. Philip C. Ciaccio, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The factual issue of the taxpayers' residency is not before this court. However, the Department believed that the 1996 tax return was inaccurate with regard to the taxpayers' liability. The difference between the tax due if the taxpayers were Louisiana residents versus non-residents was $708,371.00.
[3] The taxpayers initially filed dilatory exceptions raising the objections of vagueness and prematurity, and a peremptory exception raising the objection of prescription. They later filed a motion to strike the Department's jury trial demand. The taxpayers withdrew their dilatory exception raising the objection of vagueness when the Department filed an amended petition. After a hearing on May 7, 2001, the district court denied the taxpayers' motion to strike the jury trial and overruled the peremptory exception raising the objection of prescription. The district court sustained the taxpayers' dilatory exception raising the objection of prematurity and dismissed the Department's petition. It is this last ruling that is the subject of this appeal.
[4] Shortly after the Department lodged this appeal, the taxpayers moved to have the appeal dismissed on the ground that a judgment maintaining a dilatory exception raising the objection of prematurity is interlocutory, and therefore not appealable, citing LSA-C.C.P. art.2083. By order dated April 22, 2002, this court denied the motion to dismiss and maintained the appeal. However, when the case was presented for oral argument, the taxpayers again raised the question of whether the judgment was appealable. The rule is well-established that although a judgment sustaining a dilatory exception is itself only interlocutory, the subsequent decree dismissing the suit is a final, appealable judgment. Brown v. Red River Parish School Board, 469 So.2d 1110, 1112 (La.App. 2 Cir. 1985). Furthermore, a judgment dismissing a suit without prejudice (the effect of a judgment sustaining the dilatory exception raising the objection of prematurity), is a final, appealable judgment. See People of the Living God v. Chantilly Corporation, 251 La. 943, 950-951, 207 So.2d 752, 754-755 (1968); Parker v. Parker, 424 So.2d 1243, 1244 (La.App. 1 Cir. 1982); Butler v. Flint-Goodridge Hospital of Dillard University, 346 So.2d 1131, 1132 (La.App. 4 Cir. 1977); and Official Revision Comment (c) following LSA-C.C.P. art. 933. Accordingly, this issue is no longer before the court.
[5] LSA-R.S. 47:1414 provides for the persons authorized to appear before the BTA.
[6] LSA-R.S. 47:1431 provides, in pertinent part:

Whenever a taxpayer is aggrieved by an assessment made by the collector, ... such taxpayer may appeal to the board for a redetermination of the assessment ... by filing a petition with the board within the respective periods set forth in R.S. 47:1565, 47:1566 and 47:1625. (Emphasis added.)
[7] LSA-R.S. 47:1481 provides that the BTA has the authority to receive and consider claims against the state.
[8] Provided for in LSA-R.S. 47:1562 through 47:1563.
[9] Provided for in LSA-R.S. 47:1574.
[10] Provided for under the general laws regulating actions for the enforcement of obligations.
[11] LSA-R.S. 47:1562B provides, in pertinent part:

If a return or report made and filed does not correctly compute the liability of the taxpayer, the secretary shall cause an audit, investigation, or examination ... to be made to determine the tax, penalty, and interest due....[T]he secretary shall send by mail a notice to the taxpayer ... setting out his determination and informing the person of his purpose to assess the amount so determined against him after thirty calendar days from the date of the notice.
[12] See Collector of Revenue v. Pioneer Bank & Trust Company, 250 La. 446, 455, 196 So.2d 270, 273 (1967); Court Club, Inc. v. McNamara, 509 So.2d 143, 145-46 (La.App. 1 Cir. 1987); Louisiana Pacific Corp. v. Secretary of Dept. of Revenue and Taxation, 391 So.2d 35, 36-37 (La.App. 3 Cir. 1980); Diamond M. Drilling Co. v. Collector of Revenue, 349 So.2d 337 (La.App. 4 Cir. 1975).