871 So.2d 371 (2004)
ALL STAR ADVERTISING AGENCY, INC. d/b/a All Star Automotive Group
v.
RELIANCE INSURANCE COMPANY, in Liquidation.
No. 2003 CA 0891.
Court of Appeal of Louisiana, First Circuit.
February 23, 2004.
Rehearing Denied May 19, 2004.
*372 Michael W. McKay, Baton Rouge, for Plaintiff-Appellant All Star Advertising Agency, Inc. d/b/a All Star Automotive Group.
Ambrose v. McCall, New Orleans, for Defendant-Appellee Reliance Insurance Company, in Liquidation.
Before: PETTIGREW, DOWNING, and McCLENDON, JJ.
PETTIGREW, J.
Plaintiff appeals from the trial court's judgment granting defendant's exception raising the objection of lack of subject matter jurisdiction and dismissing plaintiff's suit. For the reasons that follow, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
According to the record, defendant, Reliance Insurance Company ("Reliance"), is an insolvent corporation placed into liquidation pursuant to an Order of Liquidation entered by the Commonwealth Court of Pennsylvania on October 3, 2001, in Docket No. 269 M.D.2001, M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania v. Reliance Insurance Company. The October 3, 2001 Order of Liquidation provides, in pertinent part, as follows:
2. Reliance is hereby found to be and is declared INSOLVENT, as that term is defined in 40 P.S. §§ 221.3, and as provided in 40 P.S. §§ 221.14(1) and 221.19.
3. Commissioner M. Diane Koken and her successors in office (the "Commissioner") are hereby APPOINTED Liquidator of Reliance and the Liquidator or her designees (the "Liquidator") are directed immediately to take possession of Reliance's property, business and affairs as Liquidator, and to liquidate Reliance in accordance with Article V of the Insurance Department Act of 1921, as amended (40 P.S. §§ 211 et seq.)(the "Act"), and to take such action as the interest of the policyholders, creditors or the public may require.
....
5. The Commissioner, as Liquidator, is vested with title to all property, assets, contracts and rights of action ("assets") of Reliance, of whatever nature and wherever located, whether held directly or indirectly, as of the date of the filing of the Petition for Liquidation. All assets of Reliance are herby found to be in custodia legis of this Court; and this Court specifically asserts, to the fullest extent of its authority, (a) in rem jurisdiction over all assets of the Company wherever they may be located and regardless of whether they are held in the name of the Company or any other name; (b) exclusive jurisdiction over all determinations of the validity and amount of claims against Reliance; and (c) exclusive jurisdiction over the determination of the distribution priority of all claims against Reliance.
....
22. Unless the Liquidator consents thereto in writing, no action at law or equity, or arbitration or mediation, shall be brought against Reliance or the Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be maintained or further prosecuted after the date of this Order. All actions, including arbitrations and mediations, currently pending against Reliance in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed. All actions, arbitrations and mediations, against Reliance or the Liquidator shall be submitted and considered as claims in the liquidation proceeding.

*373 ....
24. No judgment or order against Reliance or its insureds entered after the date of filing of the Petition for Liquidation, and no judgment or order against Reliance entered at any time by default or by collusion, need be considered as evidence of liability or quantum of damages by the Liquidator.
25. No action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in this Commonwealth or elsewhere against Reliance or the Liquidator, or their assets.
26. All secured creditors or parties, pledges, lienholders, collateral holders or other person claiming secured, priority or preferred interests in any property or assets of Reliance are hereby enjoined from taking any steps whatsoever to transfer, sell, assign, encumber, attach, dispose of, or exercise, purported rights in or against any property or assets of Reliance except as provided in 40 P.S. § 221.43.
Prior to this Order of Liquidation, plaintiff, All Star Advertising Agency, Inc., d/b/a All Star Automotive Group ("All Star"), purchased policies of automobile liability coverage and workers' compensation coverage from Reliance. As part of this agreement, All Star and Reliance entered into a Retrospective Premium Endorsement ("Premium Plan") whereby All Star would pay an estimated standard premium that would be adjusted through audits, verified by a third party, and presented to All Star for payment. To secure its obligation to Reliance, All Star established an Irrevocable Standby Letter of Credit with Bank One in the amount of $225,000.00.
Following a retrospective premium adjustment in May 2002, Reliance demanded payment of $415,428.00 as additional premiums due. On November 8, 2002, All Star filed a Petition For Temporary Restraining Order And For Rule For Preliminary Injunction against Reliance in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, praying for the following relief:
I. A Temporary Restraining Order be issued immediately to Reliance ... restraining and prohibiting Reliance from drawing on the All Star ... irrevocable standby Letter of Credit... until such time that is satisfied its obligation of the Premium Plan to provide All Star ... with the necessary supporting documentation to evaluate Reliance's claim for additional premium and a reasonable time thereafter to do so;
II. Reliance ... be ordered to show cause at a date and time to be set by the court why a preliminary and then permanent injunction should not be issued enjoining Reliance... from drawing on the irrevocable standby Letter of Credit ...; and
III. Plaintiff additionally seeks all general and equitable relief.
In response to All Star's petition, Reliance filed an exception raising the objection of lack of subject matter jurisdiction and a Memorandum in Opposition to Petition for Injunctive Relief. At a January 13, 2003 hearing on Reliance's exception, the trial court granted same, offering the following reasons for judgment:
The Court hereby finds that pursuant to the Order of Liquidation entered on October 3rd of 2001 in Pennsylvania, this Court lacks subject matter jurisdiction over the instant proceedings. The liquidation order must be given full faith and credit by this Court.
The court signed a judgment on January 27, 2003, granting the exception, dismissing *374 All Star's petition, and directing that any temporary restraining order previously entered in this matter be dissolved as of January 13, 2003. It is from this judgment that All Star has appealed, assigning error to the trial court's finding of a lack of subject matter jurisdiction based on the October 3, 2001 Order of Liquidation.[1]

STANDARD OF REVIEW
Because the facts are not in dispute with respect to this appeal, the issue is whether the trial court correctly interpreted and applied the law. Appellate review of questions of law is simply review of whether the trial court was legally correct or legally incorrect. On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. Bridges v. Smith, 2001-2166, p. 4 (La.App. 1 Cir. 9/27/02), 832 So.2d 307, 310, writ denied, 2002-2951 (La.2/14/03), 836 So.2d 121.

DISCUSSION
An exception raising the objection of lack of subject matter jurisdiction is used to question the court's power and authority to determine a particular class of actions. La.Code Civ. P. art. 2. On appeal, All Star alleges the trial court erred in sustaining Reliance's exception raising the objection of lack of subject matter jurisdiction. All Star contends that because it is "not asserting any claim for monetary damages against Reliance or any relief that would affect the legitimate corpus of Reliance's assets," the October 3, 2001 Order of Liquidation does not grant exclusive jurisdiction over this case to the Commonwealth Court of Pennsylvania. Following our review of the record herein, we agree that the trial court erred, but for reasons other than those argued by All Star.
In raising the objection below, Reliance argued that the 19th Judicial District Court lacked jurisdiction over this matter based on the provisions of the Uniform Insurers Liquidation Law as adopted in Louisiana, La. R.S. 22:758 through 22:763. Reliance maintained that Pennsylvania is a "reciprocal state" as defined by La. R.S. 22:757, and thus, the October 3, 2001 Order of Liquidation is entitled to full faith and credit in Louisiana. Moreover, Reliance asserted that La. R.S. 22:760 requires that when no ancillary receivership proceedings have been initiated in Louisiana, as is the case herein, residents of Louisiana must assert their claims in the proceedings of the domiciliary state of the foreign insurerin this case, Pennsylvania.
As shown by the "Table of Jurisdictions Wherein Act Has Been Adopted" immediately following La. R.S. 22:757, Pennsylvania has not adopted the Uniform Insurers Liquidation Act and, thus, is not a reciprocal state. Accordingly, the provisions of the act are not applicable to this case and cannot operate to confer exclusive jurisdiction over All Star's claims against Reliance in the Commonwealth Court of Pennsylvania. Moreover, although full faith and credit and the doctrine of comity might otherwise require that Louisiana still recognize the Pennsylvania Order of Liquidation, we are not required to do so if it will violate the positive law or public policy of our own state. Bonura v. United Bankers Life Insurance Company, 552 So.2d 1248, 1252 (La.App. 1 Cir.1989), writ denied, 558 So.2d 1125 (La.1990).
In Bonura, supra, Anthony G. Harris had been appointed temporary receiver in *375 Texas for Bankers Life Insurance Company and filed an exception in the Louisiana court with respect to subject matter jurisdiction. The Texas Life Accident, Health, and Hospital Service Insurance Guaranty Association also filed exceptions with respect to personal and subject matter jurisdiction. Noting that Texas was not a reciprocal state, this court concluded that the Uniform Insurers Liquidation Law, and specifically La. R.S. 22:760, could not be applied to prohibit Louisiana from exercising subject matter jurisdiction over the case. Bonura, 552 So.2d at 1251. Moreover, this court found other controlling provisions from the Louisiana Insurance Code in favor of Louisiana's refusal to recognize the Texas court's judgment requiring the claim to be litigated in Texas. Finding no error by the trial court in refusing to give full faith and credit to the Texas court judgment, we noted:
[T]wo other sections of the Insurance Code do apply to this situation. La.R.S. 22:629 provides that no insurance contract delivered or issued for delivery in this state which covers Louisiana residents may contain any provision which deprives the courts of this state of jurisdiction of action against the insurer. The jurisprudence construing and applying this statute is both consistent and too voluminous to require citation. Together, the statute and cases announce the unequivocal policy of this state that no foreign insurer may enjoy the benefits of a source of business in this state without being prepared to answer any claims based on that business by a Louisiana resident in the Louisiana courts. This policy comports with due process requirements and the insurer suffers no undue hardship thereby. We find no sufficient reason to abrogate that policy here.
Bonura, 552 So.2d at 1251-1252.
Admittedly, the factual and procedural history in the instant case are different from the scenario we considered in Bonura. However, the holding in Bonura was not limited to the facts and circumstances therein. Thus, we find Bonura to be determinative of the resolution of the issue before us and are constrained to follow same. The trial court erred in finding a lack of subject matter jurisdiction in this matter. Accordingly, the court's judgment sustaining the exception raising the objection of lack of subject matter jurisdiction and dismissing All Star's petition is hereby reversed.

CONCLUSION
For the above and foregoing reasons, the trial court's judgment is reversed and the case is remanded for further proceedings consistent with this opinion. All costs associated with this appeal are assessed against Reliance.
REVERSED AND REMANDED.
McCLENDON, J., concurs.
NOTES
[1] Reliance answered the instant appeal, urging this court to deny All Star's appeal as frivolous. In light of our finding herein, we find no merit to this argument.