J^KUHN, J.
Plaintiffs, Forum for Equality PAC, a registered Louisiana political action committee, Laurence E. Best, Jeanne M. Le-Blanc, and William A. Schultz, filed suit in the Nineteenth Judicial District Court, Parish of East Baton Rouge,[1] against defendants, the City of New Orleans and W. Fox McKeithen, in his official capacity as Secretary of State of Louisiana. Plaintiffs’ suit seeks to prevent a proposed constitutional amendment from appearing on the ballot before the electorate on September 18, 2004. Upon finding that the suit was prematurely filed, the trial court sustained McKeithen’s dilatory exception of prematurity and dismissed plaintiffs’ suit without prejudice. Plaintiffs have appealed, and for the following reasons, we affirm.
I. FACTUAL AND PROCEDURAL BACKGROUND
Pursuant to Acts 2004, No. 926 (“Act No. 926”) the legislature resolved that a proposed constitutional amendment shall be submitted to the electors of the state of Louisiana at the statewide election to be held on September 18, 2004, for either approval or rejection. According to Section 1 of Act No. 926, the proposal is to add Article XII, Section 15 to the Constitution of Louisiana, which is to read as follows:
§ 15. Defense of Marriage
Section 15. Marriage in the state of Louisiana shall consist only of the union of one man and one woman. No official or court of the state of Louisiana shall construe this constitution or any state law to require that marriage or the legal incidents thereof be conferred upon any member of a union other than the union of one man and one woman. A legal status identical or substantially similar to that of marriage for [4unmarried individuals shall not be valid or recognized. No official or court of the state of Louisiana shall recognize any marriage contracted in any other jurisdiction which is not the union of one man and one woman.
The legislature further resolved pursuant to Act No. 926 that there shall be placed on the official ballot at the September 18, 2004 statewide election a proposition, upon which
[T]he electors of the state shall be permitted to vote FOR or AGAINST, to amend the Constitution of Louisiana, which proposition shall read as follows: To provide that marriage in this state shall consist of the union of one man and one woman, that legal incidents of marriage shall not be conferred on a member of any union other than such union, and that the state shall not validate or recognize a legal status identical or substantially similar to that of marriage for unmarried individuals or any marriage contracted in any other jurisdiction which is not the union of one man and one woman. (Adds Article XII, Section 15)
Act No. 926, Section 3.
Plaintiffs filed this suit under the Louisiana Election Code seeking to prevent ratification of the proposed constitutional amendment. McKeithen responded by filing the dilatory exception of prematurity. La. C.C.P. art. 926. In support of his *47 exception, McKeithen submitted the following argument:
The Election Code only authorizes an action challenging a proposed constitutional amendment within ten days after the promulgation of the results by the Secretary of State. R.S. 18:1405(0). Since the election has yet to occur and therefore the results have not yet been promulgated, the plaintiffs’ action is premature under the Election Code, as there is no authority in the law to challenge a proposed constitutional amendment prior to the election.
| ¡¿By judgment dated August 17, 2004, the trial court sustained McKeithen’s exception of prematurity and dismissed plaintiffs’ petition without prejudice.
II. ANALYSIS
Because the facts are not in dispute with respect to this appeal, we address only legal issues regarding whether the trial court properly interpreted the applicable provisions of the Louisiana Election Code. Appellate review of questions of law is a review of whether the trial court was legally correct. On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and render judgment on the record. Bridges v. Smith, 01-2166 (La.App. 1 Cir. 9/27/02), 832 So.2d 307, 310.
A suit is premature if it is brought before the right to enforce the claim has accrued. See La. C.C.P. art. 423. The exception raising the objection of prematurity advances the issue of whether the cause of action has yet come into existence because some prerequisite condition has not been fulfilled. Bridges, 832 So.2d at 310. The exception contemplates that the action taken by the petitioner has occurred prior to some procedure or assigned time. Bridges, 832 So.2d at 310.
The party seeking relief under the Election Code must bring himself within the strict provisions of the law governing election suits. See Folse v. Lafourche Democratic Committee, 160 So.2d 363, 364 (La.App. 1 Cir.1964).[2] Louisiana Revised Statutes 18:1405 C states:
An action contesting an election on a proposed constitutional amendment shall be instituted within ten days after | ^promulgation of the results of the election by the secretary of state, (emphasis supplied)
There is no provision in the Louisiana Election Code for a pre-election challenge to the placement of a proposed constitutional amendment on a ballot. Plaintiffs have filed suit, seeking relief under the Louisiana Election Code, prior to the time assigned for institution of their complaint. Accordingly, the trial court properly concluded that plaintiffs’ suit was premature.
III. CONCLUSION
Therefore, the trial court’s judgment, which sustained the dilatory exception of prematurity filed by defendani/appellee, W. Fox McKeithen, and dismissed without prejudice the suit filed by plaintiffs/appel-lees, is affirmed. Costs of this appeal are assessed against plaintiffs/appellees, Forum for Equality PAC, Laurence E. Best, Jeanne M. LeBlanc, and William A. Schultz.
AFFIRMED.
DOWNING, J., concurs.

. "An action contesting an election upon a proposed constitutional amendment shall be brought in the district court for the parish where the state capítol is situated." La. R.S. 18:1404 C.

. Again, we emphasize that an action contesting an election upon a proposed constitutional amendment shall be brought in the district court for the parish where the state capítol is situated. La. R.S. 18:1404 C.