| PATRICIA RIVET MURRAY, Judge.
The plaintiff, Marilyn Landiak, appeals the trial court’s dismissal of her petition, which sought a declaratory judgment and an injunction to bar the name of defendant Cedric Richmond from being included on the ballot for the April 2, 2005 special *66 election to fill an open seat on the New Orleans City Council. For the reasons that follow, we amend the judgment to dismiss the petition with prejudice, and affirm as amended.
FACTS AND PROCEEDINGS BELOW
On February 16, 2005, the plaintiff filed in Orleans Parish Civil District Court her petition, entitled “VERIFIED PETITION FOR A DECLARATORY JUDGMENT, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF.” The plaintiff alleged she was a resident of District D in New Orleans, and she was seeking a declaratory judgment that Cedric Richmond was not qualified to run for the City Council District D seat because he could not satisfy the legal requirement of having to be domiciled in the district for two years prior to the election. Additionally, the plaintiff sought 1 ¡.“injunctive relief prohibiting the placement of Mr. Richmond’s name on the April 2nd ballot.” Named defendants included Mr. Richmond; the Louisiana Secretary of State, Fox McKeithen; and the Orleans Parish Clerk of Criminal Court, Kimberly Williamson Butler. In the conclusion of the petition, the plaintiff prayed that she be granted a temporary restraining order and that a hearing on her request for a preliminary injunction be set “within ten days as required by law.”
On the same day the petition was filed, February 16, the trial court denied the temporary restraining order without a hearing.[1] Aso that day, the court issued an order stating that the application for preliminary injunction would come before it for hearing on February 28 at 10:30 a.m., and would be heard “upon the verified pleading and/or supporting affidavits.” The trial court’s order included the statement: “A copy of this order shall be served upon the defendant in conformity with C.C.P. 3609.”
The record reflects that defendant Cedric Richmond was served with the plaintiffs petition and the trial court’s order on February 21 at 10:40 a.m. On February 23, he filed an exception of prescription / per-emption with a motion to dismiss, an exception of no cause of action, and an exception of improper cumulation of actions. Ml exceptions were based upon the plaintiffs failure to comply with the Louisiana Election Code’s procedure for objecting to candidacy, as stated in La. R.S. 18:1401, et seq. Mr. Richmond requested an expedited hearing on the exceptions, which were heard by the trial court on February 25. IsThat same day, following the hearing, the trial court rendered judgment with written reasons, dismissing the plaintiffs petition as follows:
The Election Code specifically provides for a procedure used for objecting to one’s candidacy. The Plaintiff has failed to comply with La. R.S. 18:1409 when the hearing date was not selected within four days of the filing of the petition. Therefore, the Plaintiffs Petition for Declaratory Judgment, Temporary Restraining Order, and Preliminary and Permanent Injunctive Relief is hereby DISMISSED without prejudice. The Defendant’s remaining Exception of Improper Cumulation Of Actions And Peremptory Exception of No Cause of Action are hereby rendered moot as a result of this ruling.
The plaintiff now appeals the dismissal of her petition. On appeal, she argues that the Election Code does not provide *67 the exclusive means of challenging one’s candidacy; that the failure to comply with La. R.S. 18:1409 does not mandate dismissal of her petition; and that La. R.S. 18:1409 was actually complied with because the trial commenced on February 16 when the trial court denied the temporary restraining order. Finally, the plaintiff contends that this court should not only reverse the trial court’s dismissal of her case, but also should determine the merits of her objection to Mr. Richmond’s candidacy based on the documentary evidence in the record. Mr. Richmond counte-rargues that the trial court correctly dismissed the petition on account of the plaintiffs failure to comply with the exclusive procedure established by the Election Code, and that the merits of the plaintiffs case are not properly before this court.
DISCUSSION OF LAW AND FACTS
Article XI, § 1 of the Louisiana Constitution authorizes the legislature to adopt an election code “which shall provide for permanent registration of voters and for the conduct of all elections.” Pursuant to this mandate, the | ¿legislature adopted the Louisiana Election Code, found in Title 18 of the Revised Statutes. La. R.S. 18:1(B) states, in pertinent part: “The Louisiana Election Code shall regulate the conduct of elections ... ”. Moreover, La. R.S. 18:1414 states: “Any procedural matter not specifically provided for in this Code shall be governed by the Code of Civil Procedure.”
These provisions leave no doubt that the procedure for objecting to one’s candidacy set forth in the Election Code at La. R.S. 18:1401, et seq. provides the exclusive means by which such an objection may be legally asserted. As the First Circuit has recently stated:
The party seeking relief under the Election Code must bring himself within the strict provisions of the law governing election suits.
Forum For Equality PAC v. City of New Orleans, 2004-1842, p. 5 (La. App 1 Cir. 8/28/04), 887 So.2d 45, 47 (Emphasis added, citation omitted).
Moreover, as this court has previously recognized, the short time delays in the Election Code have an express purpose, which is to expedite challenges to legality and validity of elections. As we stated:
The short time delays are in the interest of the electorate, not the private parties litigant. As such they may not be waived or modified even with the agreement of the litigants and the courts.
Plaquemines Parish Council v. Petrovich, 95-2268, p. 2 (La.App. 4 Cir. 10/18/95), 662 So.2d 542, 543.
In the instant case, therefore, it was incumbent upon the plaintiff to follow the procedures of the Election Code in filing her suit. La. R.S. 18:1405 states, in pertinent part:
A. An action objecting to candidacy shall be instituted within seven days after the close of qualifications for candidates in the primary election. After the expiration of the time period set forth in this Section, no further action shall be commenced objecting to candidacy Isbased on the grounds for objections to candidacy contained in R.S. 18:492.
La. R.S. 18:1406(A) further provides that such an action is instituted by filing a petition in a court of competent jurisdiction and venue. Part C of the same statute provides, in pertinent part:
C. The defendant shall be served with citation directing him to appear in court no later than 10:00 a.m. on the fourth day after suit was filed ...
Finally, corresponding to the above provision, La. R.S. 18:1409(A) states that such actions shall be tried summarily, and that *68 “The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed.”
In the instant case, the qualifying for the special election ended on February 11, and the plaintiff filed her petition on February 16, within the seven day time limit set forth by the Election Code. However, the plaintiffs petition was not filed pursuant to the Election Code; rather, the petition expressly sought injunctive relief under the Code of Civil Procedure and included in the prayer a request that a hearing on the preliminary injunction be set within ten days “as required by law.” Plaintiff acknowledges in her appellant brief that the action was commenced as one for declaratory and injunctive relief, rather than as an objection to candidacy under the Election Code. Pursuant to the request in the petition, the trial court signed an order setting a hearing on the preliminary injunction for February 28, which was clearly beyond the four-day time limit for the commencement of trial found in La. R.S. 18:1406 and 18:1409. Using the special time computation rules set forth in the Election Code, the trial would have had to begin no later than | finoon on Monday, February 21.[2] However, the record shows that Mr. Richmond was not served until February 21.
Under these circumstances, considering the fact that the plaintiff elected to use a procedure other than the one stipulated by the Election Code, we cannot say the trial court abused its discretion by dismissing the petition. The cases cited by plaintiff are not applicable to the instant situation because they address situations in which the plaintiff filed a suit under the Election Code, but the court was faced with the issue of whether it was the trial court’s or the plaintiffs responsibility to ensure that each of the mandatory procedures of the Code were followed.
However, to allow the plaintiff to deliberately elect to substitute another means, such as the Code of Civil Procedure’s process for seeking injunctive relief, in place of the procedure stipulated by the Election Code to challenge candidacy, would entirely defeat the purpose of the Election Code. We, therefore, believe dismissal of the suit was the appropriate remedy.
We note that the trial court, either inadvertently or deliberately, dismissed the action without prejudice. Because the trial court dismissed the petition pursuant to his granting of the exception of prescription/peremption, it was legal error for the court to dismiss without prejudice. Accordingly, we amend the judgment to delete the language “without prejudice.”
CONCLUSION
For the reasons stated, the judgment is amended to dismiss the petition with prejudice, and as amended, is affirmed.
AMENDED AND AFFIRMED.

. The trial court judge handwrote and initialed a notation on the proposed temporary restraining order that indicated the order was denied on account of the plaintiff’s failure to comply with La. C.C.P. art. 3603, which sets forth procedural requirements for seeking a TRO.

. See La. R.S. 18:1413.