664 So.2d 790 (1995)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES, OFFICE OF FAMILY SUPPORT, in the Interest of Corey JAMES, Minor Child of Lucille Arabie Broussard, Plaintiff-Appellant,
v.
Christopher PASSANT, Defendant-Appellee.
No. 95-911.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
Cynthia Guillory, Dianne Marie Mayo, Paul Peter Reggie, Lake Charles, for State of La. Dept. of Social Services.
Steven William Hale, Lake Charles, for Christopher Passant.
Before DOUCET, C.J., and COOKS and PETERS, JJ.
PETERS, Judge.
This suit was brought to establish paternity and support obligation for the minor child, Corey James Broussard. Judgment was rendered declaring the defendant to be the father of the minor child and ordering him to pay monthly child support. The defendant filed a petition to annul the judgment and for injunctive relief on the basis that he did not receive notice of the blood test results, the motion to set for trial, or the hearing. The defendant's petition was granted, and the recommendations of the hearing officer were nullified.

DISCUSSION OF RECORD
On March 11, 1992, a Petition to Establish Paternity and Support Obligation was filed on behalf of Corey James, minor child of Lucille Arabie Broussard, by the State of Louisiana, Department of Social Services, Office of Family Support. The petition alleges that the defendant, Christopher Passant, is the natural, biological father of Corey James. The defendant was personally served with the petition on March 18, 1992, at 2728 West Prien Lake Road, Lake Charles, Louisiana 70606. On March 23, 1992, the appellee filed an answer pro se, denying all of the allegations of the petition. In his answer, the defendant indicated his address to be 3714 Creole Street, Lake Charles, Louisiana 70605.
On April 27, 1992, Ms. Broussard and Corey James presented themselves to Sarah Trahan, a Lake Charles laboratory technician who drew blood samples from each of them *791 and forwarded the samples to Roche Biomedical Laboratories of Burlington, North Carolina for testing. On May 15, 1992, the defendant filed a pleading entitled "Joint Motion and Order for Paternity Blood Test." Despite being titled as a joint filing, the motion was executed only by the defendant. The court order directing the parties to appear for the drawing of blood for paternity blood testing was actually signed by the trial court on May 14, 1992. Service of this order was attempted to be made on the defendant at 3714 Creole Street, Lake Charles, Louisiana 70605, on May 19, 1992. The deputy sheriff was unable to serve the defendant and placed the following notation on the return: "movewhereabouts not knownbe out of country next 20-30 days." The day before the deputy sheriff's unsuccessful service attempt, the defendant was not out of the country because he presented himself on that day to Ms. Trahan to have his blood drawn. The record contains a signed consent form dated May 18, 1992, executed by the defendant and witnessed by Ms. Trahan wherein the defendant did "submit to having blood drawn for paternity determination testing."
The blood samples were tested by Roche Biomedical Laboratories of Burlington, North Carolina, and the results indicated that there was a 99.78% probability that the defendant was the father of Corey James. On August 13, 1992, the test results were filed pursuant to La.R.S. 9:397.3(A). The following day a notice of the filing was issued. On September 16, 1992, service of that notice was attempted by a deputy sheriff on the defendant at 3714 Creole Street, Lake Charles, Louisiana. This service attempt was unsuccessful, and the deputy sheriff's return contains the notation: "unable to serve."
On September 14, 1992, the plaintiff filed a motion to set the matter for trial. The deputy sheriff was unable to serve the defendant with this motion as well. His return bears the notation: "(moved to Canal St Apts) He is out of the country until about Oct 12 1992." The trial court then issued a notice setting the trial for November 4, 1992. This notice was mailed by certified mail to the defendant at the Creole Street address and at the West Prien Lake Road address, both of which attempts were unsuccessful. Trial was then reset for December 2, 1992, and two attempts were made by the sheriff's office to personally serve the defendant at the LeChateau Apartments on Canal Street in Lake Charles. The first attempt was on November 16, 1992, and the deputy sheriff's return bears the notation: "Out of the U.S. for 35 to 45 days." The second attempt occurred on December 1, 1992, and that return bears the notation: "Unable to contact Chris Passant."
On August 5, 1993, the plaintiff requested information from the Lake Charles Postmaster concerning the defendant's current address. In response, the Postmaster supplied the plaintiff with the address where he was originally served over one year before, 2728 West Prien Lake Road. In September of 1993, the trial court rescheduled the trial for November 3, 1993. On October 29, 1993, the sheriff's office attempted to serve the defendant with this notice at the West Prien Lake Road address. The deputy sheriff's return bears the notation: "unable to serve." Notice of the trial setting was also sent to the West Prien Lake Road address by certified mail on September 15, 1993. There is no evidence that the defendant received the mailed notice.
On November 3, 1993, the matter was tried before the trial court's hearing officer, and the defendant did not appear. On February 24, 1994, the hearing officer issued his recommendations that the defendant be adjudged the legal and biological father of the minor child, Corey James, and that he pay $651.00 per month for child support. Notice of this recommendation was issued on March 16, 1994. The sheriff's office attempted service of this notice at the defendant's West Prien Lake Road address. The deputy sheriff's return bears the notation: "unknown at this place of business." A second attempt was made at 3714 Creole Street on March 28, 1994. The deputy sheriff's return bears the notation: "unable to serve." On August 3, 1994, the trial court signed an immediate income assignment order under the provisions of La.R.S. 46:236.3(A) and (B) directed to any employer of the defendant. The record reflects no attempt at service of this *792 order on the defendant. Additionally, the record reflects no filing reducing the recommendations of the hearing officer to judgment.
On December 20, 1994, the defendant filed a petition to annul the judgment rendered against him and for injunctive relief. The basis of his claims for relief is that he was never served with notice of the test results, notice of trial, or notice of the recommendations of the hearing officer. After trial, the court rendered judgment in favor of the defendant nullifying the recommendations of the hearing officer and staying the income assignment order previously issued. The state has appealed.

OPINION
Adequate notice is one of the most basic elements of procedural due process. Hicks v. Schouest, 381 So.2d 977 (La.App. 4 Cir.1980). In Hicks, the court held that fundamental fairness and the right of access to the courts required that the judgment rendered in the defendant's absence be vacated where the record contained no indication that notice had even been mailed to the defendant.
La.Code Civ.P. art. 1571(A)(1)(a) provides:
A. (1) The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(a) Require adequate notice of trial to all parties....
In this case, the defendant appeared by filing an answer in proper person. In that answer he listed his current address as 3714 Creole Street, Lake Charles, Louisiana. In relation to changing addresses during the pendency of legal proceedings, La.Code Civ.P. art. 1571(B) provides:
B. A party who appears in proper person before the court shall advise the court of his current address and any change of address during the pendency of the proceedings. The address and change of address shall be entered in the record of the proceedings. The failure of a party to provide such information does not affect the validity of any judgment rendered if notice of trial or other matters was sent to the party's last known address of record.
The defendant failed to provide any change of address information. Every service attempt in this case included an attempt to serve at the Creole Street address except the notices setting the trial for November 3, 1993. Those notices were directed to the West Prien Lake Road address.
The record clearly indicates that the state was diligent in its attempts to provide notice to the defendant. When the citations could not be served at the various addresses provided by the various returns, the state sent a request to the United States Post Office in Lake Charles to obtain other addresses. Additionally, the state sent a request to the defendant's employer asking for any address that it might have or for information as to how to contact the defendant in Nigeria. However, the failure to attempt service of the notice of trial at the Creole Street address is fatal to the state's effort to obtain judgment.

CONCLUSION
We affirm the trial court's judgment in all respects. Costs of this appeal to the extent allowed by law are taxed against the State of Louisiana, Department of Social Services, Office of Family Support.
AFFIRMED.