liAMY, Judge.
The trial court entered judgment of paternity after finding that the defendant, Christopher Passant, is the father of the minor child of Lucille Arabie Broussard. The trial court additionally ordered the defendant to pay child support. Defendant now appeals. For the following reasons, we reverse and remand.
DISCUSSION OF THE RECORD
This suit was initially instituted on March 11, 1992 when the State filed a Petition to Establish Paternity and Support Obligation. That petition was filed on behalf of Corey James Broussard, the minor child of Lucille Arabie Broussard. In that petition, it was alleged that the defendant, Christopher Pas-sant, was the biological father of the child. The defendant was personally served and subsequently responded by filing a pro se answer in which he denied all allegations contained in |2the petition. In that pro se answer, the defendant listed his address as 3714 Creole Street, Lake Charles, Louisiana.
Blood samples for testing were taken from Ms. Broussard and the child on April 27, 1992. Thereafter, the appellant filed a “Joint Motion and Order for Paternity Blood Test.” The order was signed on May 14, 1992. However, before service of the order was attempted, the defendant went in for blood testing. The day after the sample was taken from the defendant, a deputy sheriff attempted to serve the order on the defendant beginning this matter’s long history of service difficulties. The deputy sheriffs notation indicates that service was not completed because the defendant was out of the country.
The record indicates that the blood samples were tested at Roche Biomedical Laboratories of Burlington, North Carolina. These tests indicated a 99.78% probability of paternity. These results were filed pursuant to La.R.S. 9:397.3. Service of the notice of these results was unsuccessful.
A Motion to Set for Trial was filed by the State, but, as with notice of the test results, notice of the trial date could not be served on the defendant. The trial court initially set the trial date for November 4,1992. However, the defendant could not be served and the trial court twice reset the trial date. Service of notice of each of these new dates was also unsuccessful. The final trial date was set for November 3, 1993. Once again, service of the notice of the trial date could not be completed. Unlike the previous attempts, however, service was not attempted at the 3714 Creole Street address, but was attempted only at an address supplied by the postmaster.
| -¡Despite the lack of notification, the November 3, 1993 hearing was held. The defendant did not appear at the hearing nor was he represented by counsel. The hearing officer recommended that the defendant be adjudged to be the legal and biological father of the minor child and that the defendant pay child support in the amount of $651.00 per month. These recommendations were signed on February 24,1995. Notice of the hearing officer’s recommendation was issued but attempts to serve this notice were unsuccessful. On August 3,1994, the trial court signed an income assignment order pursuant to La. R.S. 46:236.3(A) and (B). This assignment was directed toward the defendant’s employer.
The defendant filed a Petition to Annul Judgment and for Injunctive Relief arguing *29 that he had not received notice of test results, trial date, or the recommendations of the hearing officer. The trial court granted the petition and nullified the recommendations of the hearing officer and stayed the income assignment. The State appealed. However, a panel of the third circuit found that the State’s failure to attempt service of the notice of trial at the Creole Street address was fatal. The nullification was affirmed.[1]
The State now claims that, following the appeal, service of the test results was once again attempted. The record indicates that service was attempted both at the Creole Street address and the address given to the court at the time of the annulment proceedings. However, on remand, service was again unsuccessful. The deputy sheriff made the following notation: “Christopher Pas-sant — moved out of the U.S. ^according to landlord (Cagle Properties).” Additionally, service of the notice of the new trial date was attempted and was also unsuccessful.
Despite the lack of service, a trial on the merits was held on July 8, 1996. At that time, the trial court rendered judgment in favor of the State finding the defendant to be the father of the minor child and ordering child support. An income assignment was also ordered.
The defendant now appeals the second judgment and assigns the following as error: 1) The trial court committed manifest error in finding that the State carried its burden of proof in establishing the paternity; and 2) The defendant was not given notice of the date the matter was actually tried. The defendant asks that the judgment be annulled.
LAW
The defendant first argues that the State did not meet its burden of establishing paternity by a preponderance of the evidence. The defendant claims that the results of the blood tests were the only evidence presented by the State and that these tests, alone, are not sufficient. Further, the defendant argues that the report accompanying the blood tests was improperly admitted because it did not comport with the requirements of La. R.S. 9:397.3. Finally, the defendant argues that he was not properly served with the results of these tests.
La.Civ.Code art. 209(A) requires:
A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
jyjFurther, a trial court’s finding of proof of paternity is a factual determination which should not be overturned absent manifest error. State, Dept. of Social Services v. Thomas, 27, 248 (La.App. 2 Cir. 8/23/95); 660 So.2d 163.
With regard to the necessity of the defendant being noticed of the test results, La.R.S. 9:397.3(A) provides:
A written report of the results of the initial testing, certified by a sworn affidavit by the expert who supervised the tests, shall be filed in the suit record. A notice that the report has been filed shall be mailed by certified mail to all parties by the clerk of court or shall be served in accordance with Code of Civil Procedure Article 1314. A party may challenge the testing procedure within thirty days of the date of receipt or service of the notice.
Finally, La.Code Civ.P. art. 1571(B) provides:
A party who appears in proper person before the court shall advise the court of his current address and any change of address during the pendency of the proceedings. The address and change of address shall be entered in the record of the proceedings. The failure of a party to provide such information does not affect the validity of any judgment rendered if notice of trial or other matters was sent to the party’s last known address of record.
*30 We recognize that, unlike the first hearing, notice of the July 8,1996 trial was attempted at the defendant’s address of record.[2] According to La.Code Civ.P. art. 1571(B), service to the defendant’s address of record protects the validity of the judgment. In the present case, the record indicates that, since the original judgment was nullified, notice of the test results and the notice of the trial date were sent to both the defendant’s earlier address of record, 3714 Creole Street, and the newer | (¡address given by the defendant at the nullification proceedings, 3912 Jande Street. As notification was sent to the address of record, we will not disturb the judgment for lack of service. We must next turn to the sufficiency issue.
The State argues that the trial court was correct in finding that paternity was established by a preponderance of the evidence. The State maintains that, at the July 8, 1996 trial, not only did the trial court have access to the results of the blood tests, but could have also considered the testimony of Ms. Broussard as she had testified, before the hearing officer, at the November 3, 1993 hearing. Although Ms. Broussard may have testified at that time and provided information indicating that the defendant is the father of the child, this information cannot now be reviewed by this court. As previously noted, the defendant was never served with notice of the hearing date and the trial court eventually annulled the judgment signed as a result of that hearing. This court has upheld that nullification. We will not now consider evidence presented at the hearing to which the defendant was not given opportunity to present his own evidence or cross-examine Ms. Broussard. We further note that the record does not contain a transcript of this hearing. Accordingly, we cannot review what is not in the record before us. In the absence of any testimony or evidence introduced at the original November 3,1993 hearing, the only evidence properly considered by the trial court in the second hearing was the results of the blood testing.
With regard to the proper weight to be afforded scientific testing in a paternity matter, the Louisiana Supreme Court has stated:
Although scientific testing alone is not sufficient to prove paternity, it is persuasive and objective testimony that can help establish proof by a preponderance of the evidence. Probabilities by their nature are not |7Conclusive. They can, however, be used to help prove filiation in a paternity suit.
LeBlanc v. LeBlanc, 497 So.2d 1361, 1364 (La.1986). Although our review of LeBlanc does not reveal the exact type of testing used in this earlier case, we do not find that the testing in the present case presents a factual situation which we are able to distinguish from LeBlanc and which would, therefore, preclude the application of the supreme court’s pronouncement in that case. Therefore, we conclude that, under the facts of the present ease, the blood testing results are helpful evidence for the trial court, but are not alone sufficient to establish paternity. We further note that in LeBlanc, the plaintiff did not rely only on the results of blood testing, but also presented testimony indicating that the defendant was, in fact, the child’s father. There is no such admissible evidence in the present case to constitute an evidentia-ry basis on which the judgment may be affirmed.
As our review of the record reveals no other evidence upon which the judgment could have been based, in view of the supreme court’s pronouncement in LeBlanc, we find that the trial court was clearly erroneous in finding that the State had proven, by a preponderance of the evidence, that the defendant is the legal and biological father of the minor child.
We have also examined the defendant’s contention that the blood testing report does not comply with La.R.S. 9:397.3. The report indicates that an associate director of the testing laboratory independently reviewed the results and verified that the results are *31 correct. The record indicates that this verification was sworn to and subscribed before a Notary Public, all of which appears on the face of the report; nor | gis the authenticity of the verification contested by the defendant. We find that the report comports with the requirements of La.R.S. 9:397.3. Accordingly, this contention is without merit.
As we find that the State did not meet its burden, we need not address the defendant’s remaining assignment.
DECREE
For the foregoing reasons, the judgment of the trial court, including the income assignment, is vacated and the case is remanded to the trial court for further proceedings. Costs of this appeal are to be paid by the defendant, Christopher Passant.
JUDGMENT VACATED; CASE REMANDED.
SAUNDERS, J., concurs and assigns written reasons.

. See State, Dept. of Social Services v. Passant, 95-911 (La.App. 3 Cir. 12/6/95); 664 So.2d 790.

. We note that on December 19, 1995, the defendant’s counsel filed a Motion to Withdraw as Counsel of Record. This withdrawal occurred several days after the third circuit opinion was rendered and several months before the State attempted to, once again, notify the defendant of the test results or the trial date.