938 So.2d 1063 (2006)
Jeffery L. WITHERS, Plaintiff-Respondent
v.
Cheryl Beth WITHERS (Watson), Defendant-Applicant.
No. 41,072-CW.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2006.
Donald L. Kneipp, Monroe, for Respondent.
Scott E. McElroy, Bastrop, for Applicant.
Before WILLIAMS, CARAWAY and MOORE, JJ.
MOORE, J.
This court granted the writ application of Cheryl Beth Withers arising from proceedings in the Fourth Judicial District Court, Morehouse Parish, the Honorable Wilson Rambo presiding. The sole issue is whether the district court erred when it ruled that Jeffrey Withers' Motion for New Trial filed on February 22, 2005, was timely even though five months had passed after notice of judgment was mailed on September 8, 2004. Because we hold that the trial court was clearly wrong in finding that Mr. Withers never received notice of the judgment, we reverse the ruling and remand to the district court for further proceedings.

FACTS
The issue in this case arises from a ruling on the timeliness of Mr. Withers' Motion for New Trial on the issue of interim and permanent spousal support. The written record establishes the following chronology of events which is sufficient for this court to render a decision in this case:
June 4th, 2004. Scheduled Hearing Officer conference is re-set. Parties ordered to appear at conference on July 14, 2004, to fix interim and permanent spousal support, etc.
July 14th, 2004. The conference is re-set for Wednesday, September 1, 2004. Service sent to Mr. Withers' attorney, Don Kneipp.
August 20, 2004. Attorney Kneipp files a motion to withdraw because Mr. Withers will not *1064 respond to correspondence regarding the hearing set for September 1, 2004, and has not paid retainer fees. Service of the motion is sent to Mr. Withers at P.O. Box 897, Bastrop, La. 71220, an address he has used for five years.
August 30, 2004. Order granting Attorney Kneipp's motion to withdraw.
September 1, 2004. Hearing Officer holds scheduled conference. Neither attorney Kneipp nor Mr. Withers attend. Hearing Officer makes recommendations.
September 3, 2004. District Court signs Judgment adopting and implementing hearing officer's recommendations.
September 8, 2004. Notice of Judgment sent to Mr. Withers, pro se, 7807 Jaxon Road, Collinston, LA 71229.
September 30, 2004. Motion For Immediate Income Assignment Order pursuant to September 3, 2004, judgment signed by trial court to be served on Mr. Withers' employer, International Paper Company. Order specifies that a "petition to stay service" form be attached giving Mr. Withers 15 days to file the petition to stay service of the order.
October 22, 2004. Motion For Immediate Income Assignment Order signed September 30, 2004, is filed.
October 26, 2004. Mr. Withers is personally served with a motion for income assignment order pursuant to the September 3, 2004 judgment.
October 27, 2004. Mr. Withers files form petition to stay service in which he alleges that he was served the motion of income assignment order on October 27, 2004, and moves for a stay of service until a hearing can be held. Mr. Withers gives his address as P.O. Box 897, Bastrop, LA XXXXX-XXXX.
December 16, 2004. Hearing on the petition to stay held. Mr. Withers testified that his address is 7807 Jackson Road, Collinston, LA. The trial court signs order to serve International Paper Company with the income assignment order.
February 22, 2005. Mr. Withers files a Motion for New Trial through his attorney, Don Kneipp.
After a hearing on the motion for new trial on July 25, 2005, the district court ruled that Mr. Withers' motion for new trial was not untimely because the clerk of court mailed notice of the signing of the September 3, 2004, judgment to "7807 Jaxon Road, Collinston, Louisiana," which the court ruled was a non-existent address and not the "address of record." According to testimony, the Jaxon Road address was provided by Mr. Withers in an affidavit submitted to the Hearing Officer in June pursuant to the scheduled hearing that was eventually re-set and held on September 1, 2004. Nevertheless, the district court found that this did not constitute an "address of record," and under La. C.C.P. *1065 art. 1571(B),[1] notice should have been sent to Mr. Withers' last known address of record to protect the judgment.[2]See State, Dept. of Social Services, Office of Family Support in the Interest of James v. Passant, 95-911 (La.App. 3 Cir. 12/6/95), 664 So.2d 790.

OPINION
Adequate notice is one of the most basic elements of procedural due process. Hicks v. Schouest, 381 So.2d 977 (La.App. 4 Cir.1980). The record establishes that Mr. Withers had notice of the hearing officer conference on September 1, 2004, through his attorney of record, Don Kneipp. Neither Mr. Withers nor Mr. Kneipp, who filed a motion to withdraw as counsel on August 20,[3] attended the hearing. Mr. Kneipp sent notice of the motion to withdraw to Mr. Withers at an address that the court found Mr. Withers had used for 5 years.
Mr. Withers admitted at the December 16, 2004, hearing on the motion to stay the income assignment that he was served with the motion for income assignment. That service occurred on October 26, 2004. This motion expressly states that judgment had been rendered and Mr. Withers testified at the December 16, 2004, hearing that when he was served with the income assignment, he understood that there had been a ruling. We therefore conclude that when Mr. Withers was served with the motion for income assignment, he had notice that a judgment had been rendered on September 3, 2004.
The delay for filing a motion for new trial is seven days commencing from the day after notice of the signing of a judgment is mailed. La. C.C.P. art. 1974. In this case, the record contains certification from the clerk of court that the judgment was mailed on September 8, 2004, to 7807 Jaxon Road, Collinston, La. Mr. Withers contends that he never received that notice, suggesting that it was because his correctly spelled address is 7807 Jackson Road, Collinston, La. He further notes that there is a nearby street named "Jax."
Assuming, for the sake of argument, that Mr. Withers carried his burden of proving that he did not receive notice of the signing of the judgment mailed by the clerk of court because the street address was misspelled,[4] for the following reasons, we conclude that his motion for a new trial was nevertheless untimely.
*1066 In Malone v. Fowler, 228 So.2d 500 (La.App. 3 Cir.1969), the court held that where notice of signing of final judgment was not properly mailed by the clerk of court, the date of the beginning of the toll of the delays for applying for new trial commences on the day following actual receipt of notice. In that case, after taking the case under advisement, the court handed down a judgment that was signed on May 21, 1969. Rather than mail notice of the signing of the judgment to the attorney of record, the clerk put notice in the attorney's box at the courthouse. However, the attorney did not actually find out that the judgment had been rendered and signed until June 9, 1969, when he called the courthouse and inquired whether a judgment had been rendered. Because there was no certificate by the clerk that notice of the signing of the judgment was mailed as required by La. C.C.P. art. 1913, and actual notice was not shown until June 9, the court held that the date of the beginning of the toll of the delays for applying for a new trial under Code of Civil Procedure Article 1974 would be June 10, 1969.
In this instance, Mr. Withers admitted both by affidavit accompanying his motion to stay the income assignment and at the December 16, 2004, hearing on the motion to stay the income assignment that he found out there had been a judgment or ruling when he was personally served with notice of income assignment. The date of this service was October 26, 2004. Therefore, the delays for applying for a new trial commenced on the following day, October 27, 2004, under La. C.C.P. art. 1974. We therefore hold that the motion for new trial was untimely and must be dismissed.

CONCLUSION
We conclude that the trial court was clearly wrong in ruling that the motion was not untimely. Accordingly, the trial court's ruling is reversed, and we remand this case to district court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] La. C.C.P. art. 1571(B) reads:

B. A party who appears in proper person before the court shall advise the court of his current address and any change of address during the pendency of the proceedings. The address and change of address shall be entered in the record of the proceedings. The failure of a party to provide such information does not affect the validity of any judgment rendered if notice of trial or other matters was sent to the party's last known address of record.
[2] Interestingly, the district court never determined what address Mr. Withers had that was his "address of record."
[3] Mr. Kneipp sent Mr. Withers notice of his motion to withdraw on August 20, 2004, to Mr. Withers' post office address at P.O. Box 897 in Bastrop, La. The motion was granted on August 30, 2004.
[4] We disagree with the court's finding that the address was non-existent. Under the doctrine of idem sonant, a written word does not get its meaning from its spelling, but from its sound. See State v. Foster, 164 La. 813, 114 So. 696 at 700 (1927). Jaxon and Jackson sound exactly alike, like Greenberg and Greenburg, and since there is no street spelled "Jaxon," there should not be any confusion. Respondent tries to generate confusion by stating there is a Jax street, but in point of fact Jax and Jaxon are no more similar in sound than Greenberg is to Green.