962 So.2d 501 (2007)
Johnny OSBORNE, Alverne Osborne Barnes and Linda Osborne Woods, Plaintiffs-Appellees,
v.
Donna Osborne McKENZIE, Defendant-Appellant.
No. 42,359-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
Rehearing Denied September 13, 2007.
Culpepper & Carroll by Bobby L. Culpepper, Jonesboro, for Appellant.
John C. Blake, Jonesboro, for Appellees.
Before BROWN, CARAWAY and MOORE, JJ.
CARAWAY, J.
Plaintiffs sued their sister seeking to annul an act of donation to her of an interest in their family property, which she allegedly altered. After service under the long-arm statute was avoided, the trial court appointed a local attorney to accept service for the defendant who lived in California. After an answer was filed by the court-appointed attorney, the defendant made direct contact with the court raising in proper person the exception of prescription. Thereafter, the pre-trial conference and trial occurred without the participation of the defendant or the attorney. The claim of prescription was rejected, and the trial court ruled that the disputed inter vivos donation was rescinded and ordered cancelled from the conveyance records. Defendant appeals claiming the judgment is a nullity due to the lack of notice of trial. Finding merit in this claim, we reverse.

Facts
The three plaintiffs brought this action against their sister, Donna Osborne McKenzie ("McKenzie"), to rescind an act *502 of donation of immovable property and to declare the same a nullity. In March 1998, two of the plaintiffs, Johnny Osborne ("Osborne") and Alverne Osborne Barnes ("Barnes"), received by donation from their father an undivided one-half interest in the property.[1] Thereafter, in June 1998, Barnes and Osborne, intending to convey one-fourth of the interest received from their father to McKenzie, agreed to donate that interest to her. The execution of this conveyance, which is the subject of this dispute, was attempted through two acts of donation, the second apparently to correct the first.
The first act of donation was prepared for Osborne and Barnes to act as donors of "an undivided one-fourth (¼) interest in and to their undivided one-half (½)," which amounted to "an undivided 7.125 acres" of the 57-acre tract. Nevertheless, only Barnes appeared and signed the donation as an authentic act on June 24. An original of the June 24 act was delivered to McKenzie, but never recorded in Jackson Parish.
Since Osborne did not execute the first act of donation, a question was apparently raised regarding the donation, and a second act of donation was executed by Osborne and Barnes on June 28, 1998 (hereinafter the "Disputed Donation"). At trial, plaintiffs produced two different versions of this three-page document. One version is identical with the June 24 donation executed by Barnes. Nevertheless, a second version, which was actually recorded by McKenzie on November 13, 1998, lists on pages 1 and 2 that an undivided ½ of ½ or a "14.25 acres interest" was donated. The unrecorded version produced by plaintiffs from their records lists on pages 1 and 2 that an undivided ¼ of ½, or a "7.125 acres interest" was conveyed. Both versions have the identical third page of the instrument (one, the original and the other a copy of the original), containing the actual signatures of the parties, witnesses and notary. From these two versions of the Disputed Donation, plaintiffs alleged that McKenzie changed the first two pages of the actual instrument, increasing the amount of the fractional interest conveyed by the Disputed Donation before its recordation.
After their discovery of the alleged alteration of the Disputed Donation in 2006, plaintiffs filed this action on April 19, 2006. Five weeks after filing the petition, plaintiffs moved for court-appointed counsel for McKenzie under La. C.C.P. art. 5091 because they alleged McKenzie was avoiding long-arm service by mail at her Victorville, California address. The attorney appointed to represent McKenzie answered with a general denial the next week.
McKenzie wrote the clerk of court on July 24, 2006, requesting "a continuance dealing with docket no. 30398," and "assistance in getting an attorney to represent me." The letter disclosed that she learned of the suit three weeks earlier, on July 7, 2006, and made no mention of her court-appointed attorney. The same California address used in plaintiffs' petition was typed beneath her signature on the letter.
A pre-trial conference with the trial court and plaintiffs' counsel occurred on August 25, 2006. Neither the court-appointed attorney nor McKenzie appeared. The record indicates that the trial judge contacted McKenzie by phone, but that she did not participate in the conference. The signature of plaintiffs' counsel appears under the following statement on the pre-trial *503 order filed in the record on August 28:
We hereby certify that we have personally conferred via telephone at a conference pursuant to Sections 4 and 5 of Rule 22 of the Civil Rules of the Second Judicial District Court for the purpose of preparing this pretrial order, and, that we shall promptly attend the pretrial conference as scheduled by the Court.
A corresponding blank for "Donna Osborne McKenzie, Pro Se" to make the certification is unsigned. The order signed by the trial court fixed the trial for November 9, 2006.
After the pre-trial conference, McKenzie faxed a letter dated August 31, 2006, to the trial court's chambers asserting that she could not travel to Louisiana and could not afford an attorney. There was no clear statement in the letter, however, acknowledging any notice of the November 9 trial setting. The closing paragraph contained allegations of the running of a three-year "statute of limitations," and McKenzie's request for dismissal of the suit. The record indicates other correspondence may have been directed by McKenzie to the trial court and/or clerk of court, but it was not included in the appellate record.
On November 9, 2006, the case was tried without the attendance of either the court-appointed attorney or McKenzie. The attorney McKenzie hired to prepare the June donations, three deputy clerks who witnessed the Disputed Donation, and the three plaintiffs testified at trial. In the course of the proceeding, the trial court acknowledged McKenzie's claim of prescription and denied her relief for that defense. After receiving evidence and testimony, the trial court ruled in favor of plaintiffs annulling the Disputed Donation, both the recorded and unrecorded versions. Regarding notice of the proceedings to McKenzie, the trial court made the following observations:
. . . She did have notice of the pre-trial conference, notified my office the day before the pre-trial conference through my secretary, . . ., that she didn't intend to be available for the phone call the morning of the pre-trial conference. . . . So both of us made an effort to contact Ms. McKenzie. . . . Subsequent to the pre-trial conference, Ms. McKenzie contacted my office requesting additional information, etc. The Court wrote her a letter from my office indicating to her she had an opportunity to participate in the pre-trial conference, she chose not to do so for whatever reason that she chose, that this trial would be going on, . . .

Discussion

I.
McKenzie first argues the trial court erred in denying her exception of prescription. She claims that plaintiffs' cause of action was prescribed no later than three years from November 1998, when the allegedly fraudulent donation was recorded. She asserts the application of La. C.C. art. 2041.
Article 2041 provides the applicable prescriptive period for the revocatory action. The action as defined in La. C.C. art. 2036 concerns a creditor's right to annul an act of the obligor/debtor, which acts to cause or increase the obligor's insolvency. The debtor/creditor relationship does not apply to this action by donors to annul their donation to McKenzie.
Consent to a contract may be vitiated by error, fraud, or duress. La. C.C. art. 1948. The remedies for contracts in which consent is vitiated by error affecting the cause of the contract include rescission or reformation of the contract to reflect the true intent of the parties in the case of bilateral *504 error. La. C.C. art. 1949 and Comments (d) and (e). When a donation inter vivos is declared null because of fraud or duress, it is not necessary that the entire act of donation be nullified. If any provision contained in it is not the product of such means, that provision shall be given effect, unless it is otherwise invalid. La. C.C. art. 1480.
Clearly, there was fraud or error in this case surrounding the two versions of the Disputed Donation. The prescriptive period concerning the claimed vitiated consent of the donors is addressed by La. C.C. art.2032 which provides in pertinent part:
Action of annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud.
Accordingly, with this action having been instituted within five years of plaintiffs' discovery of the problem with the Disputed Donation, the trial court's ruling rejecting the plea of prescription is affirmed.

II.
McKenzie argues that the trial court erred by allowing the case to proceed to trial without written notice given to either herself or her court-appointed counsel as required under La. C.C.P. art. 1571. She claims that the absence of evidence of such notice in the record nullifies the judgment. We agree.
Adequate notice is one of the most basic elements of procedural due process. Withers v. Withers, 41,072 (La.App.2d Cir.8/23/06), 938 So.2d 1063, writ denied, 06-2349 (La.12/8/06), 943 So.2d 1087. Article 1571 of the Code of Civil Procedure provides, in pertinent part, as follows:
A. (1) The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
(a) Require adequate notice of trial to all parties . . .
* * * * *
B. A party who appears in proper person before the court shall advise the court of his current address and any change of address during the pendency of the proceedings. The address and change of address shall be entered in the record of the proceedings. The failure of a party to provide such information does not affect the validity of any judgment rendered if notice of trial or other matters was sent to the party's last known address of record.

(Emphasis added.)
Louisiana District Court Rules (2007), Rule 9.14 provides that the method of setting a date for trial shall be determined by each district court as set forth in Appendix 8. The Second Judicial District Court's rules require the scheduling of all cases for pre-trial conference by written request before a trial on the merits will be held. The pre-trial procedure further dictates that a copy of such written request "shall be sent to all counsel of record" and "contain the names and addresses of all counsel or other parties to be notified." Thereafter, the procedural rule describes the trial court's responsibility:
3. In the order in which valid, properly certified requests have been received, the judge shall cause to be scheduled the pre-trial conference and give reasonable notice to counsel for all parties. If a litigant is not represented, notice shall be given to such party, and, in such event, any pre-trial order may be ex parte.
*505 After such conference, it is the duty of plaintiff's counsel to prepare and submit a proposed pre-trial order. La. Dist. Ct. R. 9.14, App. 8.
The attorney appointed in proceedings under the Louisiana Long Arm Statute pursuant to La. R.S. 13:3204(B) and La. C.C.P. art. 5091 has the following duties imposed by La. C.C.P. art. 5095:
The attorney at law appointed by the court to represent a defendant shall use reasonable diligence to inquire of the defendant, and to determine from other available sources, what defense, if any, the defendant may have, and what evidence is available in support thereof. Except in an executory proceeding, the attorney may except to the petition, shall file an answer in time to prevent a default judgment from being rendered, may plead therein any affirmative defense available, may prosecute an appeal from an adverse judgment, and generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant.
Rule 9.13 governs the continuing duty of an enrolled attorney to a client, an adverse party and the court concerning withdrawal as counsel of record by motion:
(a) The withdrawing attorney who does not have written consent from the client must make a good faith attempt to notify the client in writing of the withdrawal and status of the case on the court's docket. The attorney must deliver or mail this notice to the client before filing any motion to withdraw.
La. Dist. Ct. R. 9.13.
The due process principle of notice of trial to the unrepresented litigant, now expressed in La. C.C.P. art. 1571(B), has been enforced in the jurisprudence. State, Dep't of Social Services, Office of Family Support in Interest of James v. Passant, 95-911 (La.App. 3d Cir.12/6/95), 664 So.2d 790; Jones v. United States Fidelity, 596 So.2d 834 (La.App. 4th Cir.1992); Century Bank in New Orleans v. Doley, 527 So.2d 437 (La.App. 4th Cir.1988); Hayes v. Panola-Harrison Elec. Coop., 564 So.2d 738 (La.App. 2d Cir.1990). The courts have treated judgments rendered with a lack of notice of trial as nullities under La. C.C.P. art.2004, and such nullity may be noticed on direct appeal of the judgment without the need for a separate action of nullity.
Following McKenzie's answer to the suit, filed by her court-appointed attorney, there is no other pleading[2] filed by that attorney or by McKenzie in proper person. McKenzie's faxed letter of August 31 was viewed by the trial court as an exception of prescription. No clear evidence that the court-appointed counsel ever communicated directly with McKenzie appears in the record, and no motion to withdraw as counsel was ever filed.
The next action in the proceedings was for the pre-trial conference and order. The local rules required plaintiffs' counsel to institute the process with a written request setting forth the proposed pre-trial statements. There is no such written request in the record with a certificate of service by counsel showing notice of the process to either the court-appointed attorney or McKenzie. The trial court's later comments quoted above indicate that McKenzie received notice of the pre-trial conference through written correspondence from the court.
*506 Despite there being no evidence of communication between McKenzie and her court-appointed attorney, and no formal withdrawal of counsel, McKenzie was treated by plaintiffs' counsel and the trial court as an unrepresented litigant after receipt of her letters in July and August, 2006. Her July 24 letter lists her Victorville, California address which was the same address used by plaintiffs in their initial attempts of long-arm service. Assuming her pro se status, the clear requirement of La. C.C.P. art 1571(B) was for written notice of the November 9, 2006 trial to be mailed to her at the Victorville, California address. The plaintiffs were required to confirm that such notice was given by the clerk of court, and the record should indicate same. In the absence of such notice, due process and the above jurisprudence require that the judgment resulting from the November trial be nullified.

Conclusion
While we affirm the trial court's ruling on prescription, the judgment rendered against McKenzie is reversed and the case remanded. Costs of appeal are assessed to appellees.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, CARAWAY and MOORE, JJ.
Rehearing denied.
NOTES
[1] The initial donation describes Clifford Osborne as the widower of Rosie West Osborne and covers a one-half interest presumably belonging to the former community of acquets and gains.
[2] The court-appointed attorney filed evidence of local publication requesting information concerning McKenzie.