998 So.2d 137 (2008)
Johnny OSBORNE, Alverne Osborne Barnes and Linda Osborne Woods, Plaintiff-Appellees,
v.
Donna Osborne McKENZIE, Defendant-Appellant.
No. 43,658-CA.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
*139 Donna Osborne McKenzie, In Proper Person.
John C. Blake, Jonesboro, for Appellees.
Before STEWART, DREW and MOORE, JJ.
MOORE, J.
Donna O. McKenzie appeals a judgment that reformed an act of donation to *140 her from her brother and sister, Johnny Osborne and Alverne O. Barnes, reducing McKenzie's share from 1/2 to 1/4 undivided interest in certain real property. For the reasons expressed, we affirm.

Procedural Background
The parties are siblings. In March 1998, their father donated to Osborne and Barnes an undivided 1/2 interest each in his undivided 1/2 interest in four described tracts in Jackson Parish, or a total undivided 14.25 acres. Osborne and Barnes simultaneously executed a counter-letter acknowledging that their sister, Linda O. Woods, also had an undivided 1/3 interest in the property. No mention was made at the time of their other sister, McKenzie.
Three months later, on June 24, 1998, Osborne and Barnes executed an act of donation in favor of McKenzie, giving her an undivided 1/4 interest in their undivided 1/2 interest in the property, or 7.125 acres. This act of donation was signed by Barnes and McKenzie, but not by Osborne, and was not recorded. Apparently to rectify this deficiency, the parties executed another, identical act of donation in favor of McKenzie on June 28. The June 28 donation was signed by all three parties and, according to Osborne and Barnes, donated to McKenzie a 1/4 interest. Nearly five months later, on October 13, 1998, McKenzie filed a copy of the June 28 donation in the Jackson Parish conveyance records.
Several years later, when Osborne, Barnes and Woods were trying to lease the minerals on the property, they discovered that the copy of the June 28 donation on file in the conveyance records, although nearly identical to the one they had signed, actually recited that McKenzie was receiving an undivided 1/2 interest in the property, not the 1/4 they had intended. They concluded that their sister, who had since moved to California, must have altered the June 28 donation to double her interest in the property. They filed the instant suit in April 2006 to rescind and nullify the donation on account of fraud.
As noted, McKenzie had relocated to California; the plaintiffs alleged that she was avoiding long-arm service so they moved to appoint a curator, Chris Bowman, to represent the absent defendant. However, neither McKenzie nor the curator attended a pretrial conference in August 2006. Nevertheless, McKenzie faxed a letter to the district court judge, asserting that she could neither travel to Louisiana nor afford an attorney, alleging a three-year statute of limitations, and requesting dismissal of the suit.
The matter proceeded to trial in November 2006, which neither McKenzie nor the curator attended. Gary Nunn, the attorney who prepared the June 24 donation, testified that the donors' intent was to give McKenzie an undivided 1/4 interest; each of the plaintiffs, Osborne, Barnes and Woods, also testified that the documents were drafted to give McKenzie an undivided 1/4 interest, with each child to receive an equal share. The plaintiffs also introduced into evidence copies of the documents attached to their original petition: their father's 1998 donation to Osborne and Barnes, the counter-letter, the June 24 donation, and both versions of the June 28 donation  the unrecorded version conveying the 1/4 interest, and the recorded version conveying 1/2. The district court rendered judgment in favor of the plaintiffs, rejecting McKenzie's plea of prescription and annulling both versions of the June 28 donation.
McKenzie appealed and enrolled counsel, Bobby Culpepper, who almost immediately sought to withdraw on grounds that McKenzie was badgering him to attach to his appellate brief documents that were not in the record or introduced at trial. This court denied his motion to withdraw, *141 but McKenzie filed a number of pro se briefs, digressive productions to which she attached copies of mineral leases that were not in evidence. On the merits, this court affirmed the ruling on prescription but reversed the judgment because the trial occurred without proper notice to the defendant under La. C.C.P. art. 1571. Osborne v. McKenzie, 42,359 (La.App. 2 Cir. 8/15/07), 962 So.2d 501. We remanded the matter for a new trial.
On remand, the district court allowed both Culpepper and Bowman to withdraw from representing McKenzie. Acting pro se, McKenzie filed a motion for continuance, claiming she needed more time to examine all documents filed by the plaintiffs and to consult with a lawyer. The court granted this and fixed the trial for January 31, 2008, with the admonition that no further continuances would be granted unless McKenzie sent a medical report stating that she could not appear in court. Even though nobody could ever reach her by phone, McKenzie obviously received notice of the trial setting because she filed a pro se motion to dismiss the new trial date. She also filed pro se motions urging res judicata and prescription, demanding the payment of appellate costs, and challenging the authenticity of the plaintiffs' trial exhibits.
Trial was held on January 31, 2008. McKenzie did not appear, either in person or by counsel. Four witnesses took the stand for the plaintiffs; they confirmed their testimony would be the same as in the prior trial. The plaintiffs also introduced the same five exhibits as in the prior trial. Questioned by the court, the plaintiffs agreed that the evidence would support not annulling but reforming the recorded version of the donation.
The district court found that everyone intended the donation to convey to McKenzie an undivided 1/4 interest, so it reformed the donation to reflect that each party now owns an undivided 1/4 interest. The court also ordered McKenzie to pay the plaintiffs' attorney fees of $6,713.87 and all court costs.
McKenzie has filed the instant pro se appeal, identifying herself as "a Disable [sic] American Veteran, due to a Medical Condition; did not travel from California to Louisiana in relationship [sic] to frivolous litigation." In a long preamble, she alleges that she has "not been dealt with fairly by the trial court," and makes numerous factual assertions that are not in the record. By amended brief, she raises 11 assignments of error.

General Principles
As a preliminary matter, we note that the arguments in support of McKenzie's Assignments Nos. 1 and 4 make repeated reference to mineral leases that were never introduced into evidence. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. La. C.C.P. art. 2164; Denoux v. Vessel Management Services, Inc., 2007-2143 (La.5/21/08), 983 So.2d 84; Martin v. Comm-Care Corp., 37,600 (La.App. 2 Cir. 10/16/03), 859 So.2d 217, writ denied, XXXX-XXXX (La.2/6/04), 866 So.2d 225. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Id. Although McKenzie apparently deems them important, the mineral leases are not matters of record and we do not consider them.
Similarly, McKenzie's Assignments Nos. 1, 2, 9 and 11 contest evidentiary rulings that were not objected to at trial. Error may not be predicated on a ruling that admits evidence unless a substantial right of the party is affected and a timely objection appears of record. La. C.E. art. 103 A(1); Crisler v. Paige One Inc., 42,563 *142 (La.App. 2 Cir. 1/9/08), 974 So.2d 125; Graves v. Riverwood Int'l Corp., 41,810 (La.App. 2 Cir. 1/31/07), 949 So.2d 576, writ denied, XXXX-XXXX (La.5/4/07), 956 So.2d 621. With all due regard for McKenzie's pro se status and her election not to attend the trial, this court must find that the lack of contemporaneous objections constitutes a waiver of the errors.

Discussion
By Assignment No. 1, McKenzie urges the court erred in "failing to follow procedural due process ... the requirement of fair adjudicative procedures." She alleges she received no pretrial conference, no continuance, no discovery and no valid evidence against her.[1] She concludes that all these errors added up to a denial of due process.
The plaintiffs respond that McKenzie did in fact receive a continuance and full discovery; and despite her unsubstantiated claims, there was no showing that any evidence was altered or that the witnesses committed perjury.
The record completely refutes McKenzie's claims. The court plainly granted McKenzie's motion for continuance, resetting trial from December 6, 2007, to January 31, 2008. The record does not show that McKenzie ever requested a pretrial conference or that the district court abused its discretion in failing to order one. La. C.C.P. art. 1551 A. Strictly speaking, the court never ordered the plaintiffs to comply with discovery, but the five documents they offered at the instant trial were attached to the original petition and admitted into evidence at the first trial; McKenzie could not have been surprised or prejudiced by their introduction. Finally, her failure to object to the evidence at trial waived her right to challenge them on appeal. La. C.E. art. 103 A(1); Crisler v. Paige One, supra; Graves v. Riverwood Int'l, supra. This assignment lacks merit.
By Assignment No. 2, McKenzie urges the court erred in allowing the case to be tried without the record reflecting that the evidence used against her was unauthenticated, incomplete and unrecorded. She asserts that the recorded version of the June 28 donation was the true document.
The plaintiffs respond that the assignment does not identify what evidence McKenzie is complaining of, and she had ample opportunity to challenge all evidence in the trial court but failed to do so.
McKenzie's failure to object to any evidence at trial waived her right to challenge it on appeal. La. C.E. art. 103 A(1); Crisler v. Paige One, supra; Graves v. Riverwood Int'l, supra. This assignment lacks merit.
By Assignment No. 3, McKenzie urges the court erred in failing to award her the costs of the first appeal within 60 days upon written request. In support, she cites La. R.S. 32:891. She concedes that the clerk of court mailed her a check for $858.70, but she refused it because her costs were actually $5,742.58.
The plaintiffs respond that R.S. 32:891 is a provision of the motor vehicle law, Part III ("Financial Responsibility"), and has no bearing on the case. They also submit that they deposited in the court registry the correct appeal costs of $858.70, and are uncertain why McKenzie refused the check.
The statute on which McKenzie relies, R.S. 32:891, requires the clerk of court *143 to report the nonpayment of a final judgment to the commissioner of insurance, presumably for the suspension of the judgment debtor's driver's license. The instant record does not show that the plaintiffs failed to deposit the correct costs of court or that any reporting to the commissioner of insurance is warranted. This assignment lacks merit.
By Assignment No. 4, McKenzie urges the court erred in denying her motion to dismiss on grounds that the plaintiffs committed perjury at the first trial in November 2006. Although she was not present for that trial, she contends that the district court should have asked the plaintiffs more probing questions about the acts of donation. She alleges that the mineral leases prove that the plaintiffs were lying. She concludes that the court was without authority to grant a new trial.
The plaintiffs respond that there is no record evidence that anyone committed perjury, and the mineral leases are not at issue in the case.
This court will not entertain any argument regarding the November 2006 trial, which resulted in a judgment that has already been reversed. Osborne v. McKenzie, supra. McKenzie had an opportunity to introduce evidence at the second trial in January 2008, but for reasons known only to herself, she elected not to participate, either in person or through counsel. This court will neither review evidence outside the appellate record nor receive new evidence. La. C.C.P. art. 2164; Denoux v. Vessel Management Service, supra; Martin v. Comm-Care Corp., supra. The mineral leases are not in the record and we will not consider them. Finally, the plaintiffs correctly show that aside from McKenzie's unsubstantiated (and nearly defamatory) allegations, there is not one scintilla of evidence that any witness committed perjury. This assignment lacks merit.
By Assignment No. 5, McKenzie urges the court erred in failing to grant her "motion to response [sic] to motion for new trial, stating a final judgment stands." By Assignment No. 6, she urges the court erred in denying her motion for res judicata and barring relitigation when a prior judgment stands.
The plaintiffs respond that this court's ruling was not a "final judgment" but reversed the prior judgment and remanded the case for a new trial. Because the appellate court did not decide the merits of the case for either side, they contend that res judicata does not apply. La. R.S. 13:4231.
A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. To have any preclusive effect, a judgment must be final. La. R.S. 13:4231, Comment (d) (1990). The prior judgment was against McKenzie, but this court reversed it on procedural grounds and did not resolve the merits of the case. This reversal did not bar relitigation. Rivette v. Moreau, 336 So.2d 864 (La.1976); Bellard v. Biddle, 02-241 (La. App. 3 Cir. 12/30/02), 834 So.2d 1238, writ denied, XXXX-XXXX (La.4/4/03), 840 So.2d 1217. The district court did not err in implicitly rejecting McKenzie's plea of res judicata. These assignments lack merit.
By Assignment No. 7, McKenzie urges the court erred in failing to grant her motion for continuance to receive all documents that would be used against her in court. By Assignment No. 8, she urges the court erred in failing to grant her motion for discovery, which sought a list of all charges filed, relevant witnesses and documents, and requests for admissions.
The plaintiffs respond that McKenzie did in fact receive a continuance; all documents *144 used at trial were attached to the original petition, a copy of which she received on several occasions; and she never filed any request for admissions.
The district court has wide discretion in acting on a motion for continuance; its ruling will not be disturbed on appeal in the absence of a showing of a clear abuse of discretion. La. C.C.P. art. 1601; Sauce v. Bussell, 298 So.2d 832 (La. 1974); Douglas v. Shabuba Inc., 38,260 (La.App. 2 Cir. 5/12/04), 874 So.2d 377, writ denied, XXXX-XXXX (La.9/24/04), 882 So.2d 1126. The district court granted one continuance, and trial was held in January 2008, 21 months after suit was filed. We perceive no abuse of the court's discretion in refusing to delay trial any longer. The district court has similarly broad discretion in regulating pretrial discovery. Bell v. Treasure Chest Casino LLC, XXXX-XXXX (La.2/22/07), 950 So.2d 654; Rodsuwan v. Christus Health Northern La., 41,043 (La. App. 2 Cir. 5/17/06), 930 So.2d 1116. The only documentary evidence used at trial were the four acts of donation and the counter-letter, all of which were attached to the original petition. There was absolutely no abuse of discretion in the court's refusal to order further discovery. Finally, as shown by the plaintiffs, this record shows no request for admissions. These assignments lack merit.
By Assignment No. 9, McKenzie urges the court erred in failing to grant her motion to throw out all documents and testimony used against her on grounds of procedural due process. As noted above, McKenzie's failure to object to the evidence at trial waived her right to contest it on appeal. La. C.E. art. 103 A(1); Crisler v. Paige One, supra; Graves v. Riverwood Int'l, supra. Moreover, she has shown no denial of due process. This assignment lacks merit.
By Assignment No. 10, McKenzie urges the court erred in rendering judgment against her, reducing her 1/2 to a 1/4 undivided interest in the property and the mineral rights, and in awarding attorney fees. She reiterates her contention that the plaintiffs gave false testimony, and adds that no witness testified that she altered the June 28 donation. Finally, she contends that the plaintiffs did not testify that their attorney incurred any fees, and she (McKenzie) had no opportunity to review the itemization or oppose the amount claimed.
The plaintiffs respond that a donation inter vivos shall be declared null upon proof that it is the product of fraud or duress. La. C.C. art. 1478. They argue that they proved fraud and were entitled to rescind the June 28 donation, but instead agreed to the lesser remedy of reforming the document to reflect the parties' true intent. On this showing, they submit that attorney fees were warranted under La. C.C. art. 1958. Finally, they cite the district court's specific finding of "no proof in the record of any kind" that the plaintiffs or their lawyer committed perjury, and submit that this is not plainly wrong.
The district court's factual findings will not be disturbed on appeal unless they are manifestly erroneous or clearly wrong. Detraz v. Lee, XXXX-XXXX (La.1/17/07), 950 So.2d 557. Each plaintiff testified that when he or she signed the June 28 donation, it conveyed to McKenzie an undivided 1/4 interest. The notary who prepared the document confirmed this. Aside from McKenzie's strident yet unsubstantiated allegations, there is not one scintilla of evidence that any witness committed perjury. Finally, the plaintiffs proved fraud and their right to rescind the June 28 donation. Once fraud is established, the party responsible for the fraudulent *145 activity is liable for damages and attorney fees under Art. 1958. Landreneau v. National Affiliated Investors Life Ins. Co., 96-1071 (La.App. 3 Cir. 2/26/97), 692 So.2d 464, writ denied, 97-0813 (La.5/9/97), 693 So.2d 762. The instant award of attorney fees satisfies all the normal criteria for reasonableness. State v. Williamson, 91-2401 (La.4/20/92), 597 So.2d 439. This assignment lacks merit.
By Assignment No. 11, McKenzie urges the court erred in questioning Osborne, Barnes, Woods and Nunn. Without elaboration, she contends that this violated La. C.C.P. art. 1631. As noted above, McKenzie's failure to object to the procedure at trial waived her right to contest it on appeal. La. C.E. art. 103 A(1); Crisler v. Paige One, supra; Graves v. Riverwood Int'l, supra. Moreover, she has shown no denial of due process. We cannot overemphasize that McKenzie elected to "sit out" two trials and a pretrial conference that was held by telephone largely to accommodate her. She opted instead to ambush the proceedings by belatedly faxing documents of only marginal relevance. Had she exercised her right to participate in the legal process, she could have acted to remedy her perceived injustices. After forgoing trial, however, she has absolutely nothing to support her case on appeal. This assignment, like all the others, is utterly without merit.

Conclusion
For the reasons expressed, the judgment is affirmed. McKenzie is to pay all appellate costs.
AFFIRMED.
NOTES
[1] She also contends she was denied due process because of a violation of La. R.S. 32:891, but this is more specifically addressed in Assignment No. 3.