CARAWAY, J.
1 gAppellants filed formal pleadings in this proceeding seeking to enjoin a judicial sale of property seized under a writ of fieri facias. They assert that the judgment which was being executed upon was a nullity. The trial court rendered an order denying the requested injunction *325 without a hearing or a ruling on the claim of nullity. Following an application for supervisory writs, we granted appellants an appeal of the case. Finding the nullity of the judgment evidenced from the record, we reverse and remand.

Facts and Procedural History

The action which is the subject of this appeal was filed by appellants in a pending city court suit in which Cynthia Willis (“Willis”) had previously obtained a $5,150 judgment against “Debby Glenn and TMB Partnership.” This intervention seeking injunctive relief occurred as Willis was executing her judgment under a writ of fieri facias with property having been seized.
The action was filed by appellants, TMB Partnership (“Partnership”) and TMB Partnership LLC (“LLC”), under the same suit number as Willis’s pending action and was entitled, “Petition to Annul Judgment, Injunction, and Damages.” The intervention alleges that the Partnership was formed in 1984. The LLC was subsequently created in 1998 and pursuant to an act of sale in 1998, all Partnership assets were sold and conveyed to the LLC. Thereafter, the Partnership ceased operations and no longer maintained partnership assets. The intervention further asserts that John Bryant is listed with the Louisiana Secretary of State’s office as the registered agent for service of process for the LLC. The associated address is Bryant’s work address, located at 1810 Auburn Avenue, Suite 101, Monroe, Louisiana, 71201. Debby Glenn[1] (“Glenn”) is the general manager of the LLC and her office address is 2001 Roggerson Road in Monroe. Appellants also allege that Glenn was never a partner of the Partnership.
At the commencement of the suit, Willis’s pro se city court petition lists in its caption and in its service instruction what appears as two names handwritten on separate lines, as follows:
TMB Partnership
IsDebby Glenn
Nevertheless, paragraph 2 of the petition lists “TMB Partnership” as the only named defendant. The only service return in the record reveals personal service on Debby Glenn. While no formal answer was filed, Glenn responded by mailing a letter to the city court, representing herself as the “General Manager” of “TMB Partnership, LLC.”
The matter was set for a July 22, 2009 trial. Notice of trial was mailed to Debby Glenn and signed for by “M. Buchan.” At trial, with neither Debby Glenn nor TMB Partnership present, the city court rendered judgment on September 3, 2009, against Debby Glenn and TMB Partnership. Notice of judgment was sent by certified mail to “TMB Partnership Debby Glenn” at the Roggerson Road address. Following a motion for new trial, the city court’s written denial of a new trial occurred on October 21, 2009.
Thereafter, Willis obtained a writ of fieri facias and property allegedly owned by the LLC was seized. In their November 2009 petition intervening in this action, appellants alleged that the judgment obtained by Willis should be declared an absolute nullity because they never received notice of the suit and were thereby denied due process. Appellants requested damages and injunctive relief to enjoin Willis from executing the judgment. The appellants’ petition did not pray for a setting of a hearing, and the injunction was summarily denied on November 20, 2009, without a trial on the matter.
*326 On November 24, 2009, appellants filed a notice of intent to apply for a supervisory writ. A December 28, 2009 return date was set and all proceedings were ordered stayed by the city court pending this court’s decision. After consideration of appellants’ writ application, this court granted appellants’ motion to stay and ordered the writ be converted to an appeal. The matter was then remanded to the trial court for perfection of the appeal. We are now asked to rule on whether the city court erred in denying appellants’ request for injunctive relief and further to recognize on the face of the pleadings the nullity of the judgment.

Discussion

|4The Louisiana Code of Civil Procedure provides the codal authority relevant to injunctive relief involving seizure of property. La. C.C.P. art. 1092, pertaining to an action in intervention, provides in pertinent part:
A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. If the third person asserts ownership of the seized property, the intervention may be filed at any time prior to the judicial sale of the seized property, and the court may grant him injunctive relief to prevent such sale before an adjudication of his claim of ownership.
Regarding specifically seizures under a writ of fieri facias, La. C.C.P. art. 2298 provides in relevant part:
Injunctive relief prohibiting the sheriff from proceeding with the sale of property seized under a writ of fieri facias shall be granted to the judgment debtor or to a third person claiming ownership of the seized property:
(4) When the judgment sought to be executed is absolutely null.
In this self-represented party action initially filed on a fill-in-the-blank form petition, actions of multiple parties have led to much confusion. The suit caption blurred an understanding of the number of parties sued-Glenn and a TMB entity or just a TMB entity. The naming of the TMB entity without designation as a limited liability company was incomplete. This blurring of the matter was carried over to the preparation of the caption for the “Civil Citation” and the service return information. With their formal filing of a petition asserting the nullity of the judgment, appellants sought no rule to show cause for a hearing before the impending sheriffs sale. The city court, whose prior judgment was against Glenn and “TMB Partnership,” denied the joint petition of appellants without a hearing or judgment addressing the merits of the serious due process claim presented in this confusion.
A nullity of a final judgment may be demanded for either vices of form or substance under Articles 2002 and 2004, respectively. La. C.C.P. arts. 2002 and 2004. A judgment is null, under La. C.C.P. art. 2002, when a judgment is rendered “against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken”. This peremptory ground for nullity under La. C.C.P. art. 2002(A)(2) may be | ¿noticed on direct appeal of the judgment without the need for a separate action of nullity. La. C.C.P. art. 2002(B); Succession of Barron, 345 So.2d 995 (La.App. 2d Cir.1977); Osborne v. McKenzie, 42,359 (La.App.2d Cir.8/15/07), 962 So.2d 501, writ denied, 08-2555 (La.1/9/09), 998 So.2d 726.
A judgment obtained without citation and service is absolutely null. La. C.C.P. arts. 1201 and 2002. Service on a partnership is made by personal service on a partner and service on a limited liability *327 company is made on any one of its registered agents for process. Only after some form of “diligent effort” or “due diligence” has failed to identify such a person, may an alternative method of service be utilized. La. C.C.P. arts. 1263 and 1266. See also Conner v. Continental Southern Lines, Inc., 294 So.2d 485 (La.1974) (service of process directed to a corporate defendant and made on one other than the person authorized to accept such service is illegal and without effect); Kallauner v. One Source Const., LLC, 08-0888 (La.App. 4th Cir.10/8/08), 995 So.2d 59 (service of process upon secretary of registered agent for service of process for LLC not legally sufficient); W & R Farming P’ship v. Old South Properties, Inc., 04-737 (La.App. 3d Cir.11/10/04), 887 So.2d 646 (service on nonpartner held insufficient to serve partnership when record revealed identity of partner could be located with diligent effort). Additionally, the due process principle of notice of trial to an unrepresented litigant expressed in La. C.C.P. art. 1571(B) may support the claim of nullity of a judgment. Osborne v. McKenzie, supra. Last, the jurisprudence addressing confusion in the name of a party defendant, while holding that prescription may be interrupted by the filing of such suit, also indicates that a proper identification in the naming of the defendant is necessary for the notice required under due process of law. See, e.g., Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983).
In Glidden v. Loe, 192 So.2d 633 (La.App. 2d Cir.1966), the court held that the issuance of an injunction restraining a sheriff from seizing and offering for sale property belonging to plaintiff was erroneous because it was rendered without a hearing of evidence. Likewise, despite the fact the current dispute involves the non-issuance of an injunction, the judgment is deficient for lack of an evidentiary hearing and a ruling on the merits of appellants’ claims regarding the prior flaws in the proceedings.
| [Appellants’ action is sanctioned under La. C.C.P. art. 2298 as a special injunction action to be determined in a summary manner preceding a judicial sale. The claim required the city court to rule on the merits of the allegation that the judgment sought to be executed is absolutely null. Additionally, the appellants’ notice of intent to apply for supervisory writs was well within the appeal delays which began running on the $5,150 judgment after its rendition and the denial of the motion for new trial. Therefore, the entire action is before us. Shows v. Shows, 434 So.2d 1090 (La.1983).
From the above law and proceedings, we find that the judgment must be annulled for plaintiffs’ failure to accurately identify the LLC and to obtain proper service of process over both TMB entities. The initial service of process was directed only at Glenn, personally, as the service information and sheriffs return do not state that either entity was served. Accordingly, the September 3, 2009 judgment in favor of plaintiff is reversed. The case shall be remanded to the city court where amendment to plaintiffs petition may be made and proper service of process obtained. La. C.C.P. art. 934.
Costs of appeal are assessed to Cynthia Willis.
REVERSED AND REMANDED.

. Throughout the record there are inconsistencies in the spelling of Glenn’s name. Both Debbie and Debby are found throughout the record.