Judgment rendered April 9, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,192-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| CARL FRANKLIN<br>HATTIE FRANKLIN | Plaintiffs-Appellants |
| versus | |
| CITY OF BOSSIER, MAYOR<br>THOMAS H. CHANDLER OF<br>BOSSIER, OFFICIAL CAPACITY<br>BOSSIER CITY POLICE<br>DEPARTMENT, CHIEF OF<br>POLICE BOSSIER CITY,<br>OPTIMUM aka SUDDENLINK,<br>AT&T, MIKE WARE, PAMELA<br>WARE, SHERIFF JULIAN<br>WHITTINGTON | Defendants-Appellants |

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 169,662

Honorable Alexandra Aiello Stahl, Judge

* * * * *

| | |
|---|---|
| CAROL POWELL LEXING<br>AND ASSOCIATES<br>By: Carol D. Powell-Lexing | Counsel for Appellants |
| RONALD J. MICIOTTO | Counsel for Appellees,<br>Mike Ware and<br>Pamela Ware |

PETTIETTE, ARMAND, DUNKELMAN, WOODLEY, BYRD & CROMWELL, LLP
By: C. Cavett Feazel

Counsel for Appellee, Cebridge Acquisition, LP d/b/a Suddenlink Communication

LANGLEY & PARKS, LLC
By: Glenn L. Langley
    Julianna P. Parks

Counsel for Appellee, Sheriff Julian Whittington

WIENER, WEISS & MADISON
By: Layne A. Clark, Jr.

Counsel for Appellees, City of Bossier, Mayor Thomas H. Chandler, Bossier City Police Department, Chief of Bossier City

SIMON, PERAGINE, SMITH & REDFEARN, LLP
By: Windsor V. Richmond

Counsel for Appellee, BellSouth Telecommunications, LLC d/b/a AT&T Louisiana

* * * * *

Before STEPHENS, HUNTER, and ELLENDER, JJ.

**ELLENDER, J.**

Carl and Hattie Franklin ("the Franklins") appeal a judgment dismissing their claims of premises liability, conversion, property damage, physical injury, mental anguish, medical bills, emotional pain, punitive damages, and attorney fees against Michael and Pamela Ware ("the Wares"). The trial court dismissed these claims without prejudice, pursuant to La. C.C.P. art. 1672(C), for failure to serve the amended petition. The Franklins also appeal a judgment dismissing related claims for the same reason against Bossier Parish Sheriff Julian Whittington ("Sheriff Whittington") and Cebridge Acquisition, L.P., d/b/a Suddenlink Communications ("Suddenlink"). The trial court dismissed these claims with prejudice. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

In their original petition for damages, the Franklins alleged that on April 27, 2022, Suddenlink entered their property without permission and installed internet service at the request of their neighbors, the Wares. The Franklins claimed the Wares placed stakes on the property without obtaining permission, presumably over the lines laid by Suddenlink. When the Franklins went to remove the stakes from what they contend was their property, they claimed Pamela Ware called the Bossier City Police Department ("BCPD"). Carl Franklin and his daughter were subsequently arrested, they claimed illegally, by BCPD and charged with battery of a police officer. The Franklins also claimed an unnamed deputy employed with the Bossier Parish Sheriff's Office ("BPSO") entered their property and cut a lock off of their "internet box."

The Franklins claimed the City of Bossier City, Mayor Thomas Chandler, and the Bossier City Council were vicariously liable for the actions of the BCPD officer who "illegally" arrested Carl Franklin. They further claimed the Wares and Suddenlink were liable for damages under La. C.C. art. 2322, a premises liability statute covering damage caused by ruin of a building, and they claimed Sheriff Whittington was liable for the alleged damages caused by his unnamed deputy. The Franklins specifically requested service be withheld at the time of filing on March 21, 2023, and did not request service until June 8. The City of Bossier City and the Bossier City Council were served on June 12, the Wares were served on June 14, and Suddenlink and AT&T were served on June 15.

In response, the Wares filed a dilatory exception of vagueness, arguing the petition failed to plead facts sufficient to establish a claim for premises liability under La. C.C. art. 2322, conversion, or any entitlement to damages based on property damage, physical injury, mental anguish, medical bills, emotional pain, punitive damages, or attorney fees.

Suddenlink then filed a peremptory exception of no cause of action, arguing the Franklins failed to plead facts sufficient to show any premises liability claim existed. Alternatively, Suddenlink argued if the trial court found the Franklins did assert a cause of action against them, then a dilatory exception of improper cumulation of actions was proper because any premises liability claim was improperly cumulated with the false arrest claims against BCPD and the boundary dispute with the Wares.

The City of Bossier City, Mayor Chandler, and the Bossier City Council also filed a peremptory exception of no cause of action and dilatory exception of prematurity, arguing Mayor Chandler could not be liable for the

2

actions of city officials in his personal capacity. They also argued the Bossier City Council, as a branch of the City of Bossier City, was not a separate government entity with the capacity to be sued. Finally, they argued the claims against them were premature as the criminal charges pending against Carl Franklin had not yet been resolved.

Sheriff Whittington also filed a peremptory exception of no cause of action and answer to petition for damages, arguing the petition failed to make any claim against him or BPSO upon which relief could be granted. He argued any damages resulting from the events described by the Franklins were caused solely by the fault or negligence of others for whom he had no responsibility.

The Franklins filed oppositions to the peremptory exceptions of no cause of action and no right of action, and to the dilatory exceptions of prematurity and improper cumulation. They argued the claims contained in their petition were sufficient to overcome the exceptions, the defendants had the capacity to be sued, and because each claim arose from a single incident, there was no improper cumulation.

Following hearings on November 9, 2023, the trial court granted the exceptions of vagueness, no cause of action, and prematurity, and the Franklins were ordered to amend their petition within 30 days. All claims as to Mayor Chandler and the Bossier City Council were dismissed, and all claims against the City of Bossier City were stayed pending the outcome of pending related criminal charges. On the last day on which an amended petition could be filed timely in accordance with the trial court's order, the Franklins fax-filed an amended petition for damages. Mayor Chandler and the Bossier City Council were omitted as defendants. The record reveals the

3

Franklins never requested service of their amended petition by the sheriff, nor did they include a certificate of service indicating some other method of service. To date it appears there have been no attempts by counsel for the Franklins to serve any of the defendants with a copy of the amended petition fax-filed on December 11, 2023.

On January 12, 2024, the Wares, unaware an amended petition had been filed, filed an ex parte motion and order of dismissal for failure to file an amended petition. Shortly thereafter, Sheriff Whittington and Suddenlink filed a joint ex parte motion for an order of dismissal on the same basis. Hearings on these occurred on March 12. The Franklins did not appear, but counsel for Sheriff Whittington offered and introduced into evidence emails and a copy of the order setting the hearing, sent from counsel's paralegal to counsel for the Franklins. As it was clear the Franklins were given notice of the hearing, the trial court granted both motions to dismiss with prejudice. The order granting the Wares' motion to dismiss the Franklins' claims against them with prejudice was signed by the trial court on March 15, and the order granting Sheriff Whittington and Suddenlink's motion to dismiss the claims against them with prejudice was signed on March 18.

On April 17, the Franklins filed a motion to set aside the judgment dismissing their claims against the Wares, alleging a lack of notice as to the hearing. The trial court set this for hearing on May 23. The Wares responded by filing an exception of insufficient service of process and voluntary dismissal on May 13, which the trial court also set for May 23.

In the meantime, on May 17, the Franklins filed a notice of appeal of the trial court's March 18 judgment dismissing their claims against Sheriff Whittington and Suddenlink with prejudice. At the hearing on May 23,

4

counsel for the Franklins stated she filed a devolutive appeal of that judgment because by the time she realized she had only asked the trial court to vacate the judgment as to the Wares, procedurally her only option to contest the judgment was to file a devolutive appeal.

After the May 23 hearing on the Franklins' motion to recall the judgment dismissing their claims against the Wares, the trial court granted that motion, but then, granted the Wares' motion to dismiss the Franklins' claims for failure to request service of the amended petition within 90 days pursuant to La. C.C.P. art. 1672(C) *without prejudice*. The Franklins then appealed the judgment dismissing their claims against the Wares.

Consequently, there are two judgments before us on appeal, which together dismiss all of the Franklins' claims. The only distinction between these judgments is the one dismissing the claims against Sheriff Whittington and Suddenlink is *with* prejudice, and the one dismissing the claims against the Wares is *without* prejudice. Most of the issues presented on appeal relative to these two judgments are the same.

## DISCUSSION

The Franklins contend their amended petition should not have been dismissed because it was fax-filed, but not served, on the last possible day for that filing to be timely in accordance with the trial court's November 9, 2023, order. They argue La. C.C.P. art. 1201 requires service of an amended petition only when additional defendants are added, despite the amended petition in question being filed following the trial court's order sustaining the Wares' dilatory exception of vagueness. The Franklins further argue even if dismissal was appropriate, because the trial court never made a finding as to whether the failure to request service was for "good cause" as

5

required by La. C.C.P. art. 1672, the dismissal of their amended petition was in error. Finally, the Franklins argue the trial court's ruling, because it dismissed their claims on a procedural error rather than on the merits, constitutes a deprivation of their due process rights.

In opposition, the Wares argue the trial court's dismissal of the claims against them without prejudice for failure to request service of the amended petition upon them was proper pursuant to La. C.C.P. art. 1672(C). The Wares contend the Franklins' argument that no service of an amended petition is required is meritless, especially considering the amended petition was filed after the trial court sustained the Wares' dilatory exception of vagueness. The Wares argue the purpose of ordering the Franklins to amend their petition was to ensure the Wares were adequately placed on notice as to the claims against them. Without proper service, or even a courtesy copy sent to their counsel, the Wares argue they could not have been made aware of the allegations against them.

Sheriff Whittington and Suddenlink jointly filed a brief arguing service of the amended petition upon all defendants was required in order for the Franklins to comply with the trial court's ruling sustaining the exceptions of no cause of action and directing them to amend their petition within 30 days. Sheriff Whittington and Suddenlink contend La. C.C.P. art. 934 requires any claims by the Franklins against them to be dismissed due to the Franklins' failure to amend their petition for damages in accordance with the trial court's order to do so.

*Assignment Nos. 1 and 2*

In their first assignment of error, the Franklins argue the trial court erred in dismissing the petition with prejudice on the basis the suit was not

6

timely amended within the time period ordered by the late Judge Lane Pittard, within 30 days of the court's order, November 9, 2023. In their second assignment of error, they contend the trial court erred in dismissing their claims against the Wares, Sheriff Whittington, and Suddenlink due to a lack of timely service. As citation and service are inextricably intertwined, we will discuss these assignments together. Presumably, these assignments of error were intended to address both judgments being considered on appeal, though the brief is a bit unclear.

Citation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under La. C.C. art. 102, and proceedings under the Children's Code. Without citation and service all proceedings are absolutely null. La. C.C.P. art. 1201(A); *Green v. Taylor Rental Properties, Inc.*, 55,515 (La. App. 2 Cir. 4/10/24), 384 So. 3d 421, citing *Martin v. Unopened Succession of Martin*, 49,573 (La. App. 2 Cir. 1/14/15), 161 So. 3d 1010. While the Franklins did fax-file an amended petition on the very last day possible to comply with the court's order, they failed to request service or certify service was effectuated via regular mail, electronic means, or hand delivery. Not even a courtesy copy was provided.

The Franklins argue La. C.C.P. art. 1201(C) requires service of an amended petition upon defendants within 90 days only when new defendants are added by the amended petition, and they seem to believe the lack of new defendants in their amended petition somehow absolves them of their obligation to serve the existing defendants with a copy of their amended petition. This argument not only flies in the face of common sense and defendants' right to be aware of the claims against them, but it ignores La. C.C.P. art. 1312, which clearly mandates service of every pleading

7

subsequent to the original petition upon the adverse party as provided by La. C.C.P. arts. 1313 or 1314.

The trial court ordered the Franklins to amend their petition after sustaining exceptions of vagueness, no cause of action, and prematurity. Implicit in the trial court's ruling ordering the Franklins to file an amended petition was the requirement to effectuate timely service under La. C.C.P. arts. 1201 and 1313, since without service any proceedings are an absolute nullity. With no service being made, the filing of the amended petition was not done in accordance with the trial court's order. As such, we cannot say the trial court's rulings were manifestly erroneous. For these reasons, we find the first two assignments of error lack merit.

*Assignment No. 3*

The Franklins next argue the trial court manifestly erred in failing to find good cause for their own failure to timely request service. The claims against Sheriff Whittington and Suddenlink were dismissed pursuant to La. C.C.P. art. 934, which governs the effects of sustaining a peremptory exception of no cause of action. La. C.C.P. art. 934 directs the trial court to dismiss a plaintiff's claims if he fails to comply with the court's order to amend the action, claim, demand, issue, or theory. There is no requirement that the trial court decline to dismiss claims if the plaintiff can provide good cause for such failure. The Franklins were given an opportunity to cure the defects in their petition as it pertained to Sheriff Whittington and Suddenlink, and they failed to do so within 30 days and have the defendants served with a copy of the amended petition. As such, the trial court's dismissal of the claims against Sheriff Whittington and Suddenlink do not

8

require a consideration of good cause. Concerning those defendants, this assignment is without merit.

Turning to the dismissal of the Franklins' claims against the Wares and whether the trial court erred in not finding good cause for the failure to effectuate service of the amended petition, those claims were dismissed in accordance with La. C.C.P. art. 1672, which contemplates denial of a request for dismissal in the event a plaintiff can show good cause for his failure to timely request service. La. C.C.P. art. 1672 provides that a judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by La. C.C.P. arts. 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

Counsel for the Franklins claims she had good cause for failing to serve the amended petition in a timely fashion. Specifically, she contends she was ill between December 2023 and February 2024, and she claims this prevented her from complying with the trial court's ruling and all statutes pertaining to service of pleadings upon opposing parties. The trial court disagreed, noting counsel, even several months later, had yet to effectuate service of the amended petition on any of the defendants, even after the lack of service had been called to her attention.

Counsel for the Franklins appears to believe she is entitled to a hearing on whether the Franklins had good cause for failing to serve the opposing parties with their amended petition, but La. C.C.P. art. 1672

contains no language directing the trial court to conduct a separate hearing on good cause for failure to effectuate service. Further, it is unclear how a hearing would serve any purpose as the record in this matter is devoid of any facts which would even suggest the Franklins had any legitimate justification for their failure to effectuate timely service in accordance with the trial court's order. As it pertains to the judgment dismissing the claims against the Wares, we find this assignment of error lacks merit.

*Assignment No. 4*

The Franklins urge this court to reverse the trial court's dismissal of their claims against the Wares because they did not receive notice 15 days prior to the May 23 hearing of the Wares' exception of insufficient service of process as required under Local District Court Rule 9.9(b). This rule requires a memorandum in support of an exception to be filed and served on all other parties at least 15 days prior to the hearing *unless* the trial court sets a shorter time. As pointed out by the Wares, the *trial court* set the hearing date on the Wares' exception. As the local rule in question provides an exception to the 15-day rule in the event the date for hearing is set by the court, this assignment of error also lacks merit.

*Assignment No. 5*

Finally, the Franklins argue the trial court erred in granting the peremptory exception because procedural rules are only a means to an end, and not an end in and of themselves. They contend the trial court's ruling deprived them of their right to due process under the law because the dismissal with prejudice prevents them from protecting their property rights. Presumably this assignment of error pertains to the judgment dismissing their claims against Sheriff Whittington and Suddenlink pursuant to their ex

10

parte motion to dismiss for failure to amend pursuant to La. C.C.P. art. 934 as those were dismissed with prejudice.

Requiring compliance with statutory mandates which ensure a defendant is timely made aware of any claims lodged against him does not violate the Franklins' right to due process. Adequate notice is one of the most basic elements of procedural due process. *Withers v. Withers*, 41,072 (La. App. 2 Cir. 8/23/06), 938 So. 2d 1063, *writ denied*, 06-2349 (La. 12/8/06), 943 So. 2d 1087. As previously discussed, La. C.C.P. art. 934 governs the effects of sustaining a peremptory exception of no cause of action, and it directs the trial court to dismiss a plaintiff's claims if he fails to comply with the court's order to amend the action, claim, demand, issue, or theory. The Franklins were aware Sheriff Whittington and Suddenlink filed peremptory exceptions subject to the provisions of La. C.C.P. art. 934.

This court has considered the dismissal of claims with prejudice pursuant to La. C.C.P. art. 934 in cases where a plaintiff was given the opportunity to cure the defects in his petition and failed to do so, and this court has affirmed the trial court rulings dismissing those claims with prejudice. *Robinson v. Allstate Ins. Co.*, 53,940 (La. App. 2 Cir. 5/26/21), 322 So. 3d 381, *writ denied*, 21-00906 (La. 10/19/21), 326 So. 3d 264; *Wilkins v. Hogan Drilling Co.*, 424 So. 2d 420 (La. App. 2 Cir. 1982).

As evidenced in the recitation of facts above, despite being notified several times of the deficiencies in the service of their amended petition, and despite having several opportunities to effectuate service of the amended petition, counsel for the Franklins failed to make any attempts to provide a copy of the amended petition to the defendants despite clearly being required to do so. Considering the plaintiffs were given more than sufficient

11

opportunity to amend their petition and have it served upon the defendants as required, we find no merit in the Franklins' position that the trial court violated their rights to due process in dismissing their claims against Sheriff Whittington and Suddenlink with prejudice. For these reasons, we find this assignment of error lacks merit.

## CONCLUSION

The judgment of the trial court dismissing the claims, with prejudice, of Carl and Hattie Franklin against Bossier Parish Sheriff Julian Whittington and Cebridge Acquisitions, L.P., d/b/a Suddenlink Communications is affirmed. The judgment of the trial court dismissing the claims, without prejudice, of Carl and Hattie Franklin against Michael and Pamela Ware is affirmed. All costs of the appeal are assessed to Carl and Hattie Franklin.

**AFFIRMED.**